RANDY S. GROSSMAN
United States Attorney
MEGHAN E. HEESCH (MN 0395912)
NICHOLAS W. PILCHAK (CA 331711)
ERIC R. OLAH (CA 295513)
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9442
Email: Meghan.Heesch@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI (1),<br><br>Defendant. | Case No. 22-CR-1152-BAS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT KARIM ARABI'S MOTION TO COMPEL DISCOVERY, MOTION TO PRESERVE EVIDENCE, AND MOTION FOR LEAVE TO FILE FURTHER MOTIONS (ECF 47)**<br><br>Date:   September 12, 2022<br>Time:   2:00 p.m.<br>Courtroom 4B<br><br>Honorable Cynthia A. Bashan |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Meghan E. Heesch, Nicholas W. Pilchak, and Eric R. Olah, Assistant United States Attorneys, and hereby files its Response in Opposition to Defendant's Motion to Compel Discovery, Motion to Preserve Evidence, and Motion for Leave to File Further Motions (ECF 47).

//
//
//

# I.
# STATEMENT OF THE CASE

On May 24, 2022, a federal Grand Jury returned an indictment against Karim Arabi, Sheida Alan aka Sheida Arabi, Sanjiv Taneja, and Ali Akbar Shokouhi ("the Defendants"), charging violations of Title 18, United States Code, Section 1349 (Wire Fraud Conspiracy); Title 18, United States Code, Section 1343 (Wire Fraud); Title 18, United States Code, Section 1956(h) (Conspiracy to Launder Monetary Instructions as to Karim and Sheida); and Title 18, United States Code, Section 1957 (as to Taneja and Shokouhi). ECF 1. The Indictment also alleges criminal forfeiture based on these charges. *Id.* On July 19, 2022, a federal Grand Jury returned a superseding indictment against the Defendants, containing the same alleged violations of criminal laws but adding factual allegations concerning the charge in Count 6 and certain allegations pertaining to criminal forfeiture. ECF 9.

On August 29, 2022, Karim Arabi ("Defendant") filed a Motion to Compel Discovery, Motion to Preserve Evidence, and Motion to File Further Motions. ECF 47. The parties have been working amicably to come to an agreement regarding language in a Protective Order, which the United States requires before discovery can be produced given the sensitive nature of financial documents and personal identifying information. Discovery will be voluminous, and will include business records, search warrant data obtained from over a dozen email accounts, evidence obtained via Mutual Legal Assistance Treaty, and law enforcement reports. The United States has the first 270,000 pages ready to produce as soon as the Protective Order is entered.

# III.
# ARGUMENT

**A.   Motion to Compel Discovery**

The United States recognizes its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to provide evidence that is either exculpatory or could be used to impeach United States witnesses, including material information regarding demonstrable bias. The United States has and will continue to perform its duty to disclose material exculpatory information or evidence favorable to

Defendant when such evidence is material to guilt or punishment. The United States recognizes that its obligation under *Brady* covers not only exculpatory evidence but also evidence that could be used to impeach witnesses who testify on behalf of the United States. *See Giglio*, 405 U.S. at 154; *United States v. Bagley*, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. *Bagley*, 473 U.S. at 682; *United States v. Agurs*, 427 U.S. 97, 1070 (1976). "Evidence is material, and must be disclosed (pursuant to *Brady*), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995).

Defendant's motion makes several discovery requests. The United States will provide discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.[1] The United States opposes Defendant's motion to the extent it seeks discovery beyond the boundaries of those authorities; this Response in Opposition identifies both material the United States will produce even without a court order along and a non-exhaustive list of instances in which Defendant's motion arguably seeks to expand the United States' discovery obligations.

A.  <u>Defendant's Statements</u>. The United States will comply with Rule 16(a)(1)(A) and produce Defendant's statements in the possession of the United States, to include written statements in emails and found in electronic devices obtained lawfully through a search warrant. The United States will also produce a copy of Defendant's post-arrest statement.

---

[1] All subsequent references to "Rule" are to the Federal Rules of Criminal Procedure.

The United States opposes Defendant's request for "a court-certified transcript of any disc depicting all interrogation by any government agents" (ECF 47-1 at 4), as the United States has no obligation to create discovery material. If the United States obtains a transcript of Defendant's post-arrest statement, it will produce the transcript to Defendant. Similarly, to the extent Defendant requests "any notes pertaining to the substance of his statements" (ECF 47 at 3), the United States opposes the request on the grounds that it is broader than what Rule 16 requires. *Cf.* Fed. R. Crim. P. 16(a)(1)(B)(ii) (requiring production of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent").

B. <u>Arrest Reports, Notes, Dispatch tapes.</u> The United States will produce all arrest reports and notes in this case. There are no dispatch tapes for this case.

C. <u>*Brady* Material.</u> As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and will continue to comply.

D. <u>Prior record</u>. Defendant has a 2019 traffic citation but otherwise does not have any criminal record. The United States does not intend to rely on this 2019 traffic citation at trial or sentencing. No other Defendants in this matter have any criminal history known to the United States.

E. <u>404(b) and 609 Disclosures.</u> If the United States intends to offer any evidence under Rule 404(b) or 609 of the Federal Rules of Evidence, it will provide reasonable notice to Defendant in writing.

F. <u>Evidence seized</u>. Copies and photographs of evidence seized will be produced in discovery. To the extent Defendant requests the "opportunity to inspect all documents and electronic data" retrieved in this case, the United States objects that this request is overly broad and without any specific or articulable basis that inspection is material to preparing for a defense.

G. <u>Reports of Scientific Tests of Examination</u>. Consistent with Rule 16(a)(1)(F), the United states will permit Defendant to "to inspect and to copy or photograph the results

or reports of any physical or mental examination and of any scientific test or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knowns—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. Pro. 16(a)(1)(F). A forensic examiner is currently downloading several electronic devices seized lawfully at Defendant's residence pursuant to a warrant obtained authorizing the search and seizure. The forensic examination is not yet complete, but once complete and a report is generated, it will be produced to Defendant.

      H.    <u>Tangible objects</u>. Defendant is welcome to inspect, copy or test all documents and tangible objects with adequate notice and coordination with the United States. However, the United States cannot at this time consent to the overly broad inspection of documents and electronic data retrieved in this case.

      I.    <u>Expert Witnesses</u>. The United States is not at this time in possession of any expert discovery. If this changes, the United States will comply with its obligations under Fed. R. Crim. Pro. 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 704 to provide a written summary of any expert testimony in advance of trial.

      J.    <u>Scientific and Other Information</u>. See above response to request (G).

      K.    <u>*Henthorn* Material</u>. The United States will comply with *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial—likely a narrower group than Defendant's proposed "each agent and canine involved in the present case" (ECF 47-1 at 7)—and disclose information favorable to the defense that meets the appropriate standard of materiality. *United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002) (citing *United States v. Jennings*, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant United States Attorney is uncertain whether certain

incriminating information in the personnel files is "material," the information will be submitted to the Court for an in-camera inspection and review.

L. <u>Evidence of Bias or Motive to Lie</u>. The United States is not aware of any bias or motive to lie of any government witness, but will disclose it to the defense should the government become aware.

M. <u>Impeachment Evidence</u>. The United States is not presently aware of criminal acts engaged in by government witnesses. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will be conducted by the U.S. Attorney's Office. The government reserves the right move to disclose any pertinent information under protective order or after the Court's *in camera* review. Defendant's motion to compel broadly cites *Brady* for this requirement, but under *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) not all prior criminal convictions are per se *Brady*. Instead, undisclosed evidence must be admissible or capable of being used for impeachment to show prejudice under *Brady*. *Id.* Thus, the United States will inquire about prior criminal acts and convictions of witnesses and will disclose any discovered material, even though such a disclosure does not necessarily fall under *Brady*.

Regarding Defendant's request to disclose whether any witness who has made a statement favorable to the Defendant, this request is too broad under Rule 16 as Defendant needs to make a requisite showing of materiality. The United States is not yet aware of Defendant's trial defense and Rule 16 does not require disclosure for any favorable statement. It is unclear what Defendant means when he requests "favorable" statements, and how this could be impeachment material. Assuming "favorable" means "material to preparing the defense," as required in Rule 16(a)(1)(E), the United States will comply.

N. <u>Evidence of Criminal Investigation of Any Government Witness</u>. The United States is not presently aware of any criminal investigation of any Government witnesses but will conduct such an inquiry. The government reserves the right move to disclose any pertinent information under protective order or after the Court's *in camera* review.

O. **Evidence Affecting Perception, Recollection, Ability to Communicate or Truth-Telling**. The United States is not aware of aforementioned evidence, but will disclose it to the defense should the government become aware.

P. **Witness Addresses**. A list of the United States' witnesses will be provided to Defendant once trial is scheduled.

Q. **Names of Witnesses Favorable to the Defendant**. The United States objects to this request as too broad and vague. It is unclear what is meant by a "favorable statement." Defendant has not yet provided any hint at a defense to put the United States on notice as to what would be "favorable." The Court should require Defendant to further refine what is meant by providing witnesses "who made arguably an favorable statement concerning Dr. Arabi" and to cite relevant case law for this requirement.

Defendant also requests names of witnesses "who could not identify him or who was unsure of his identity or participation in the crime charge." ECF 47-1 at 9. The United States is not presently aware of any such witnesses, but if this changes, the United States will disclose the name and the non-identification.

R. **Statements Relevant to the Defense**. Defendant's request for statements "relevant" to the defense is too broad under Rule 16 as Defendant needs to make a requisite showing of materiality. Again, the United States is not yet aware of Defendant's trial defense and Rule 16 does not require disclosure of any "relevant" statement but instead any statements "material to preparing the defense." Fed. R. Crim. Pro. 16(a)(1)(E).

S. *Giglio* **Information**. The United States is aware of its obligation under *Giglio* and will comply.

T. **Government Witnesses, Informants, and Cooperating Witnesses**.

The United States will provide discovery in accordance with Rule 16, the Jencks Act (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The United States opposes some of the specific discovery requests Defendant includes under this category to the extent those requests seek to expand the United States' discovery obligations. For example, there is no basis under Rule 16 or otherwise for "all documents,

communications, notes, and other discovery related to Qualcomm's initial contact with the government presenting its case and positions and/or referring for prosecution of Dr. Arabi and his co-defendants." ECF 47-1 at 9. Nor is there any basis to request "an index from the government indicating which documents in discovery were originally produced by Qualcomm to the government, and the dates of all such productions, even if the documents were later obtained from another source." *Id.* The United States respectfully opposes these and other specific requests on the ground that they are not material to the defense.

U. <u>Bias by Government Witnesses, Informants, or Cooperating Witnesses</u>. The United States is aware of its obligation under *Brady* and *United States v. Bagley*, 473 U.S. 667, 676 (9185) to produce "evidence that the defense might [] use[] to impeach the Government's witnesses by showing bias or interest."

V. <u>Jencks Act Material</u>. The United States will comply with the Jencks Act. The United States continues to look into Jencks material for all witnesses. Agent interview rough notes are not *per se* Jencks Act statements. *See United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009) (citing *United States v. Griffin*, 659 F.2d 92, 938 n.4 (9th Cir. 1981)) ("[I]t will be the very unusual case where an agent's own thoughts will be recorded in rough interview notes with sufficient completeness or intent to communicate to be a Jencks Act statement. In the more typical case, only the formal interview report, through which the agent intends to communicate to others, will be a 'statement' under the Jencks Act. . ." The United States will endeavor to disclose all Jencks material two weeks before trial.

W. <u>Request pursuant to Fed. R. Crim. P. 12(b)(4)(B)</u>. The United States will provide timely notice of its intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discovery under Rule 16. Fed. R. Crim. P. 12(b)(4)(B).

X. <u>Residual Request</u>. The United States will provide discovery in accordance with Rule 16, the Jencks Act (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The United States will continue to amicably work with defense counsel, but to the extent any additional discovery request is not sufficiently based in law or precedent, the United States opposes.

### B.     Motion to Preserve Evidence

The Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489; *see also Cooper v. Calderon*, 255 F.3d 1104, 1113-14 (9th Cir. 2001). There is no rule requiring all evidence to be preserved for all time, especially when all parties have had the opportunity to inspect and copy all the documents and records. Given the ongoing efforts by the United States Attorney's Office to preserve the evidence in this case and Defendant's access to those records, any failure to gather and preserve evidence would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant. *See Illinois v. Fisher*, 540 U.S. 1174 (2004) (per curiam); *Arizona v. Youngblood*, 488 U.S. 51, 57 58 (1988); *United States v. Rivera-Relle*, 322 F.3d 670 (9th Cir. 2003); *Downs v. Hoyt*, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

### C.     Motion for Leave to File Additional Motions

The United States does not oppose any additional timely filed motions.

## IV.
## CONCLUSION

The United States requests the Court deny Defendant's discovery motions where opposed.

DATED: September 6, 2022               Respectfully submitted,

                                       RANDY S. GROSSMAN
                                       United States Attorney

                                       /s/*Meghan E. Heesch*
                                       MEGHAN E. HEESCH
                                       Assistant United States Attorney