Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Sandra C. Lechman, SBN 288660
slechman@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>  Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DR. KARIM ARABI'S NOTICE OF MOTION FOR SUPPLEMENTAL DISCOVERY**<br><br>Hearing Date:   December 5, 2022<br>Hearing Time:   2:00 p.m.<br>Department:     Courtroom 4B |

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Dr. Arabi incorporates by reference the statement of facts contained in his Motions to Compel Discovery, Preserve Evidence, and Leave to File Further Motions. Dkt. Nos. 47 and 47-1.

Dr. Arabi supplements his motion with the following additional facts.

On September 2, 2022, the government informed counsel for Dr. Arabi by email that it had obtained Dr. Arabi's A-file and intended to produce portions of the A-file in discovery. On September 23, 2022, the government emailed defense counsel for all defendants stating that it would produce a copy of certain documents from Dr. Arabi's A-file to all counsel, and that all counsel were welcome to conduct a viewing of the full A-file at the government's offices.

In a follow-up email to only counsel for Dr. Arabi, the government explained that Dr. Arabi's A-file contains documents that could be material to the codefendants' defense under Federal Rules of Criminal Procedure Rule 16. Specifically, that Dr. Arabi's A-file contains references to his expertise in the Design-For-Test ("DFT") field. The government reasoned that this information could lend itself to a codefendant arguing that Dr. Arabi was the sole architect of the alleged fraud scheme and the true mastermind of the alleged Abreezio fraud, and that this information could be directly relevant under Federal Rules of Evidence Rule 806 down the road. The government further noted that it was producing these documents out of an abundance of caution to avoid later pitfalls and to err on the side of producing arguably relevant material unless there is a good countervailing reason to withhold those documents.

Dr. Arabi's expertise is not unique among the defendants in this case. According to the Indictment, Sanjiv Taneja was a "technological executive" who worked at Qualcomm between October 2015 and May 2016. Mr. Taneja was also the CEO of Abreezio. Dkt. No. 1 at 2, ¶¶ 11-15. Ali Akbar Shokouhi is described as an "entrepreneur, investor, and business advisor," who worked at Qualcomm as a Vice President of Engineering from approximately 2011 to 2014. Dkt. No. 1 at 2, ¶¶ 16-18.

On November 3, 2022, counsel for Dr. Arabi emailed the government requesting that the A-files for Mr. Taneja and Mr. Shokouhi be produced under the same exact logic invoked for disclosing Dr. Arabi's A-file. The email explained that there is reason to believe that these A-files contain references to Mr. Taneja's and Mr. Shokouhi's expertise in the DFT field and other related fields, and that this information is "material to the defense" under Rule 16 and may later be directly relevant under Rule 806. The email went on to state that this relevant information should be disclosed now to avoid later pitfalls and to err on the side of producing arguably relevant material unless there is a good countervailing reason to withhold. In the same email, defense counsel for Dr. Arabi offered to limit the request to only the documents in the A-files that could ostensibly relate to Mr. Taneja's and Mr. Shokouhi's expertise in any relevant fields.

As of this writing, the government has not responded to this discovery request. At a meet and confer call with the government on November 10, 2022, the parties agreed to file various supplemental discovery motions to capture additional discovery requests.

This motion follows.

## II.   SUPPLEMENTAL MOTION FOR DISCOVERY

Federal Rule of Criminal Procedure Rule 16 "grants criminal defendants a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). The government must disclose, upon a defendant's request, all "documents ... within the government's possession, custody, or control ... [that are] material to preparing the defense[.]" Fed.R.Crim.P. 16(a)(1)(E)(I). Evidence is material, and thus discoverable, simply "*if it is helpful to the development of a possible defense*." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) (citing *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir.1995)) (emphasis added). And "helpful" does not solely mean evidence that is exculpatory or impeaching – inculpatory evidence is relevant and discoverable if it renders a planned defense useless and thus alters a defendant's trial strategy. *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). The Ninth Circuit has continuously and repeatedly

emphasized that "Rule 16 . . . grants defendants a broad right to discovery." *See United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013).

Accordingly, Dr. Arabi requests the A-files of codefendants Sanjiv Taneja and Ali Akbar Shokouhi. Currently, Dr. Arabi limits these requests to any documents within the respective A-files that could ostensibly relate to their expertise in the DFT field and other relevant fields.

Dr. Arabi makes this request under the same theory and reasoning as those invoked to produce Dr. Arabi's A-file in discovery. Specifically, that there is reason to believe that both A-files contain reference to each defendant's expertise in the DFT field and other related fields and are thus "material to the defense" under Rule 16 and may later be directly relevant under Rule 806. Moreover, Dr. Arabi could use this information to present the defense that no fraud occurred. Dr. Arabi could present, as a part of his defense, evidence that the expertise of Mr. Taneja and Mr. Shokouhi were enough to develop Sheida Alan's original idea and to run Abreezio successfully without any allegedly unlawful help from Dr. Arabi.

### III.   CONCLUSION

Considering the foregoing, Dr. Arabi requests that this Court grant his motion for supplemental discovery and order the government to produce the relevant documents from Mr. Taneja's and Mr. Shokouhi's A-files.

Respectfully submitted,

Dated: November 21, 2022

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: */s/ Sandra C. Lechman*
    Whitney Z. Bernstein
    Sandra C. Lechman
    Attorneys for Dr. Karim Arabi

# CERTIFICATE OF SERVICE

Counsel for Dr. Karim Arabi certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Tanej*

David K. Willingham
dwillingham@kslaw.com
Blythe Kochsiek
bkochsiek@kslaw.com
Jamie A. Lang
jlang@ks.com
KING SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
Meghan Elizabeth Heesch
meghan.heesch@usdoj.gov
Janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: November 21, 2022        */s/ Sandra Lechman*
                                Sandra C. Lechman