Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Sandra C. Lechman, SBN 288660
slechman@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. KARIM ARABI'S JOINDER IN MOTION TO DISMISS COUNTS ONE AND FOUR OF THE SUPERSEDING INDICTMENT AS IMPERMISSIBLY DUPLICITOUS [DKT. NO. 109] AND MOTION TO DISMISS COUNT TWO ON THE SAME GROUNDS**<br><br>Hearing Date:   December 5, 2022<br>Hearing Time:   2:00 p.m.<br>Courtroom:       4B |

# MEMO OF POINTS AND AUTHORITIES

## I. DR. ARABI JOINS IN THE MOTION TO DISMISS COUNTS ONE AND FOUR OF THE SUPERSEDING INDICTMENT AS IMPERMISSIBLY DUPLICITIOUS [DKT. 109].

Dr. Arabi joins Mr. Taneja's Motion to Dismiss (Dkt. 109), and in the Memorandum of Points and Authorities and exhibits and declarations in support thereof (Dkt. 109-1 and 109-2), on the grounds that Dr. Arabi has also been indicted for one count of wire fraud conspiracy in violation of 18 U.S.C. § 1349 and one count of wire fraud in violation of 18 U.S.C. § 1343 as an alleged co-conspirator of Mr. Taneja. *See* Dkt. 1.

As argued, Count One of the Superseding Indictment (charging all Defendants with a violation of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349) is duplicitous because it alleges two separate conspiracies: (1) an initial conspiracy between Defendants Dr. Arabi, Sheida Alan, Ali Akbar Shokouhi, and Sanjiv Taneja with the alleged purpose of fraudulently obtaining millions of dollars from Qualcomm by selling it technology without disclosing material facts; and (2) a subsequent and separate conspiracy between Dr. Arabi and Ms. Alan to allegedly provide false information during civil litigation arising more than two years after the object of the first conspiracy was purportedly achieved, in January and June of 2018. *See* Dkt. No. 109-1 at 1. Accordingly, Dr. Arabi hereby adopts and incorporates by reference the arguments set forth in Mr. Taneja's Motion, Memorandum of Points and Authorities, and exhibits and declarations attached thereto. Dr. Arabi seeks the same relief that Mr. Taneja seeks in his motion – dismissal of Counts One and Two (*see infra*) on the basis of duplicity pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i).

### A. Dr. Arabi's Settlement with Qualcomm in the Civil Action.

Critically, in October 2018, Dr. Arabi (and Ms. Alan) and Qualcomm entered into a term sheet agreement and, in December 2018, ultimately executed a settlement agreement and release of all claims, including the alleged wrongdoing of the initial conspiracy and subsequent and separate conspiracy. Under the terms of the settlement agreement: (1) Qualcomm knowingly, voluntarily, and forever released and discharged Dr. Arabi (and

Ms. Alan) from any and all claims, charges, causes of action, suits, demands, judgments, costs, and liabilities, of any kind whatsoever, both legal and equitable, and known and unknown, that were asserted in the civil case or that arose from or related to the allegations contained in the civil complaint; (2) Qualcomm released any claim to, and consented to Ms. Alan retaining, approximately half of the money she received in the sale of Abreezio to Qualcomm; and (3) Qualcomm dismissed its pending claims against Dr. Arabi (and Ms. Alan).

Further, in February 2020, Dr. Arabi (and Ms. Alan) and Qualcomm executed an addendum to the December 2018 settlement agreement and release of claims in which, inter alia, (1) they agreed to a revised repayment schedule, (2) again agreed to mutual releases of all claims, effective upon receipt of the revised repayment schedule, and (3) explicitly agreed that all unmodified or amended terms, conditions, and provisions of the December 2018 settlement agreement remained in full force and effect and were not negated or changed. Qualcomm received all payments – with interest – in accordance with the revised repayment schedule.

## II. DR. ARABI MOVES TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT AS IMPERMISSIBLY DUPLICITOUS.

Since Counts One and Two of the Superseding Indictment each impermissibly combine two separate alleged schemes, they should both be dismissed on the basis of duplicity pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i), as argued in Dkt. 109. While Mr. Taneja's arguments in Dkt. 109 focused on Count Four, the wire fraud count in which he is individually charged, Dr. Arabi moves to dismiss Count Two, the wire fraud count in which he is charged, for the same reasons.

Count Two of the Superseding Indictment charges Dr. Arabi with wire fraud in violation of 18 U.S.C. § 1343. In Count Two, the government again alleges that all Defendants knowingly and intentionally devised a scheme to obtain money and property by means of materially false and fraudulent pretenses and representations in violation of 18 U.S.C. § 1343. Dkt. No. 9 ¶ 18. The government further alleges that "[a]s part of the

scheme to defraud" – which purportedly occurred during the same timeframe as the alleged conspiracy, i.e., beginning no later than October 2014 and continuing up to at least June 2018 – the defendants "utilized the Manner and Means described" in Count One. *Id*. ¶¶ 18-19. Finally, the government alleges that on October 30, 2015, "for the purpose of executing the aforesaid scheme," the defendants caused the funds resulting from the sale of DFT technology to Qualcomm to be transferred by wire to their bank accounts. *Id*. ¶ 20. There are no allegations in Count Two not previously included in Count One.

Count Two of the Superseding Indictment relies entirely on the manner, means, and overt acts alleged in Count One and therefore suffers from the same flaws that render Count One duplicitous. The same arguments and facts demonstrating that the government alleged two separate conspiracies in Count One apply with equal force to Count Two and thus demonstrate that the government alleged two separate schemes in Count Two: a purported scheme to defraud Qualcomm by selling it technology while concealing material facts and a distinct and separate purported scheme to conceal the earlier purported scheme during civil litigation. These two alleged schemes – performed two years apart – had separate objectives and participants and therefore must be treated as two distinct alleged schemes that cannot be combined into one count without rendering the count duplicitous.

### III.   CONCLUSION

For the reasons set forth in Dkt. 109 and above, Dr. Arabi respectfully requests that the Court enter an order pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i) dismissing Counts One and Two of the Superseding Indictment.

Respectfully submitted,

Dated:  November 29, 2022

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
      Whitney Z. Bernstein
      Sandra C. Lechman
      Attorneys for Dr. Karim Arabi

# CERTIFICATE OF SERVICE

Counsel for Dr. Karim Arabi certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Tanej*

David K. Willingham
dwillingham@kslaw.com
Blythe G. Kochsiek
bkochsiek@kslaw.com
Jamie A. Lang
jlang@kslaw.com
KING SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
Meghan Elizabeth Heesch
meghan.heesch@usdoj.gov
Janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: November 29, 2022         */s/ Whitney Z. Bernstein*
                                 Whitney Z. Bernstein