# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>   Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia A. Bashant<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT KARIM ARABI'S MOTION TO COMPEL DISCOVERY** |

The Court, having considered Karim Arabi's Motion to Compel Discovery re [ ], and for good cause having been shown,

**HEREBY ORDERS:**

1. The Motion is GRANTED.
2. The United States is ordered to produce:
   a. All materials, notes, recordings, transcripts, and other documentation of the May 11, 2018, meeting between the Government, Qualcomm, and Hueston Hennigan, outside counsel for Qualcomm, requesting that the Government prosecute Dr. Arabi, et. al.
   b. Identification of and production of all materials, notes, recordings, transcripts, and other documentation provided to the Government by Qualcomm and/or by outside counsel Hueston Hennigan, on or about June 28, 2018.
   c. All materials, notes, recordings, transcripts, and other documentation of the June 28, 2018, Government review of confidential documents furnished by Hueston Hennigan, outside counsel for Qualcomm, as part of the request that the Government prosecute Dr. Arabi, et. al.
   d. All materials, notes, recordings, transcripts, and other documentation of the July 10, 2018, and May 7, 2020, presentations to the Government by Hueston Hennigan, outside counsel for Qualcomm, requesting that the Government prosecute Dr. Arabi, et. al.
   e. All materials or information related to any internal incentive program that Qualcomm has to reward internal complaints from Jan. 1, 2013, through Dec. 31, 2020.
   f. All communications from Oct. 30, 2015, through Dec. 31, 2020, between Kevork Kechichian, former Qualcomm Vice President and Senior Vice President, Engineering, and Qualcomm's internal investigation and referral teams.

g. All communications from Oct. 30, 2015, through Dec. 31, 2020, between James Thompson, Chief Technology Officer, and Qualcomm's internal investigation and referral teams.

h. All Qualcomm personnel files requested in Section III, subheading B, request number 8, including the files for the specific individuals listed in subsections (a) through (ii), from January 1, 2007, through December 31, 2020.

i. All versions and copies of Qualcomm's standard invention and/or intellectual property agreements signed by full time employees, starting from 2010 to the present.

j. All documents, communications, documents, tips, reports, complaints, or other materials related to Dr. Arabi's relationship with Ms. Alan prior to the acquisition of Abreezio.

k. All materials documenting or indicating that any Abreezio technology originated at Qualcomm.

l. The returns from a forensic imaging of Dr. Arabi's Qualcomm computer, including, but not limited to, any material showing ties or traces to any Abreezio intellectual property.

m. A list of the 34 people that Qualcomm told the Government it interviewed as a part of their investigation. All materials, notes, recordings, transcripts, and other documentation of those interviews.

n. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's investigation, often referred to as "Project Gopher."

o. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interviews with Sanjiv Taneja during its investigation and/or pursuant to the Settlement Agreement entered into between Qualcomm and Mr. Taneja on January 26, 2018, including any documents produced.

p.  All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interview with Joseph Fang on May 18, 2017, in particular his denial of Mr. Taneja's statement about Mr. Fang's knowledge that Dr. Arabi and Ms. Alan are siblings.

q.  All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interviews from 2018 to the present with Brad Quinton, Trent McClements, Andrew Hughes, Michael Lee, Scott Chin, Michael Smith, Shawna Quinton, James Derbyshire, Picta Media Inc. or its representatives, Douglas Konkin, and Invionics Inc. or its representatives (together, the "Invionics Group") during Qualcomm's investigation and/or pursuant to the cooperation agreement entered into between Qualcomm and the Invionics Groups on May 1, 2018, including any documents produced.

r.  All materials from Jan. 1, 2007, through Dec. 31, 2020, documenting or related to Qualcomm's guidelines, policies, and procedures for conducting due diligence for a potential acquisition.

s.  All materials from Jan. 1, 2015, through Oct. 30, 2015, documenting Qualcomm's communications to Abreezio regarding its guidelines, policies, and procedures for conducting due diligence for a potential startup.

t.  All materials, notes, recordings, transcripts, and other documentation from Oct. 30, 2015, through the present, of any continued investigation by Qualcomm after the Settlement Agreement entered into by Qualcomm, Ms. Alan, and Dr. Arabi, including any notes, communications, and other documentation regarding the motivation of the continued investigation post-settlement.

u.  All information from Oct. 30, 2015, through Dec. 31, 2018, regarding any tips, reports, or other notifications received by Qualcomm through

its tipline(s) and/or hotline(s) relating to Dr. Arabi, Abreezio, the Abreezio acquisition, the Abreezio due diligence, any other defendants, or any other individuals who worked on or had relation to the Abreezio acquisition, including all information related to that report – documents, notes, transcripts, and any other materials related to that report.

v. All materials from Jan. 1, 2015, through the present documenting what assets Qualcomm acquired in its purchase of Abreezio, including, but not limited to, all Qualcomm communications with the United States Patent and Trademark Office (USPTO) regarding any Abreezio filings from the initiation of due diligence until the present, a list of all Abreezio intellectual property filings that were not pursued by Qualcomm with USPTO and were abandoned, and a list of Abreezio intellectual property filings that were not integrated in to Qualcomm's products.

w. All grand jury materials, including grand jury subpoenas, returns on grand jury subpoenas, earlier drafts of grand jury subpoenas, and transcripts of testimony.

x. The name of and information regarding Qualcomm's discovery repository and platform that is shared with the Government for use in investigating this case.

y. All communications from Oct. 30, 2015, through the present between the Government and Qualcomm related to this investigation, Qualcomm's internal investigation, and this prosecution. Because the timing of the Government and Qualcomm's communications relative to the civil suit is relevant to Dr. Arabi's defense, this request also encompasses emails regarding the scheduling of meetings, which the parties previously discussed and the Government previously declined

to provide as immaterial.

z. The specific identification of any IP addresses referred to in the Indictment.

aa. All audio and video recordings and FBI 302 reports of all interviews conducted by the Government related to this investigation.

bb. All video recordings of Dr. Arabi's arrest and the search and seizure of his home on Aug. 9, 2022.

cc. All information related to Srinivas Patil, the Qualcomm employee who evaluated the Abreezio technology during its due diligence review and assisted with the technology's implementation, including but not limited to his evaluations, any meetings with Qualcomm or Government investigators, and all notes, recordings, reports, or other materials from those meetings.

dd. All information related to any and all cooperation agreements with the Government, formal or informal, and any materials related to any information provided to the Government pursuant to these agreements.

ee. All non-privileged information regarding Qualcomm's violations of the anti-bribery, internal controls, and books-and-records provisions of the Securities and Exchange Act of 1934 as found by the SEC Commission in *In the Matter of Qualcomm Incorporated*, Release No. 77261 (March 1, 2016) available at https://www.sec.gov/files/litigation/admin/2016/34-77261.pdf.

ff. All non-privileged information regarding Qualcomm's false or misleading statements or filings to any Government entity or any other foreign entity, as well as information related to Qualcomm's performance during its Court-ordered FTC monitoring as alleged and found in *Federal Trade Commission v. Qualcomm Incorporated*, 17-CV-00220-LHK (NDCA 2017).

gg. All raw returns for all email accounts that the Government alleges or believes were used by Dr. Arabi to facilitate the alleged offenses including, but not limited to, the following email accounts: (1) sheida@abreezio.com; (2) sheida.arabi1@gmail.com; (3) sheida.alan@gmail.com; and (4) sheidaalan@abreezio.com.

**IT IS SO ORDERED.**

Dated: _____                     _____
                                           HONORABLE CYNTHIA A. BASHANT
                                           United States District Court
                                           Southern District of California