# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:22-cr-01152-BAS-1 |
| | Honorable Cynthia Bashant |
| vs. | DECLARATION OF USMS SENIOR INSPECTOR JOHN SHINDLEDECKER |
| KARIM ARABI, | |
| Defendant | |

I, John Shindledecker, state the following:

1.    I am currently employed as a Senior Inspector with the United States Marshals Service (USMS).

2.    On August 9, 2022, I was assisting the Federal Bureau of Investigation (FBI), who were conducting a search warrant located at ███████████, San Diego, California ██████ and executing an arrest warrant for Karim Arabi (Karim), at approximately 6:00 AM. My specific responsibilities were to assist with the interview and transport of Karim.

3.    At approximately 6:20 AM, after the house was cleared, Karim was in custody in the back seat of a FBI vehicle parked outside his driveway.

4.    I approached Karim and had a brief exchange. I asked him if I could get him socks and shoes. I went inside with his wife and obtained socks and shoes from his house, which I brought to Karim. I allowed Karim to put on the socks and shoes.

5.    I asked Karim if he wanted any numbers off his phone and where his phone was located, which is consistent with my standard practice. Karim responded yes and told me that his phone was located in the guest bedroom, which I retrieved. I did not ask Karim if he wanted to talk to a lawyer.

6.      I brough the phone to Karim and asked him if he wanted any numbers from it. I then asked for the passcode to unlock it. Karim either motioned in a way which indicated to give him the phone, i.e.: held out his hand, or stated that he would unlock it, and I handed the phone to Karim. Once it was unlocked, I took back possession of the phone.

7.      I asked Karim what number he wanted to take with him, and he provided a name, which I don't recall. Karim did not indicate whether that person was an attorney. I searched the "contact" section of the iPhone for the name and did not receive any results, and I told this to Karim. Kairm then asked me to search in the email application on the phone. The results were an email or emails that clearly said something to the effect of either, "PRIVILEGED" or "CONFIDENTIAL". I told Karim I was unable to open that email.

8.      Karim was not allowed to search the phone for himself, which is standard practice to avoid destructions of evidence and officer safety concerns.

9.      Karim asked me to lock his phone, and I declined. I took the unlocked phone and provided it to an FBI Agent, as I knew the phone was subject to a search warrant.

10.     At approximately 6:45 AM, FBI transferred Karim from his residence to the FBI San Diego office. I followed behind the FBI transport vehicle in my vehicle. It is my understanding that transport was audio recorded. That audio recording overlaps with the post arrest interview, which began at approximately 7:10 AM.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/26/2023

*John Shindledecker*
Senior Inspector John Shindledecker