Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>    Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**DECLARATION OF REBECCA S. ROBERTS IN SUPPORT OF DR. ARABI'S MOTION TO COMPEL PRODUCTION OF COMMUNICATIONS BETWEEN QUALCOMM AND THE GOVERNMENT AND FOR ISSUANCE OF A RULE 17 SUBPOENA TO QUALCOMM**<br><br>Hearing Date:    January 4, 2023<br>Hearing Time    10:00 a.m.<br>Courtroom:      12B |

# DECLARATION OF REBECCA S. ROBERTS

I, Rebecca S. Roberts, declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Southern District of California and a partner at Bienert Katzman Littrell Williams, LLP ("BKLW"), counsel of record for Dr. Karim Arabi in this action. I make this declaration in support of the concurrently filed *Motion to Compel Production of Communications between Qualcomm and the Government and for Issuance of a Rule 17 Subpoena to Qualcomm* (the "Motion"). I make this declaration based on personal knowledge. I am familiar with the pleadings and papers served and filed in this case. If called as a witness, I could and would testify competently to the facts set forth in this declaration.

2. Based on my review of our files, on December 2, 2022, joint defense counsel Mr. Nicola Hanna from the law firm Gibson Dunn, LLP sent the government written requests for discovery which included request No. 5: "All communications between Qualcomm, its lawyers, or its representatives and any employee of the Department of Justice, including but not limited to, the Federal Bureau of Investigation and the United States Attorney's Office in the Southern District of California, related to the civil case, the internal investigation, the criminal case, or any allegations contained in the superseding indictment." To avoid peppering the Court with paper, a copy of this letter has not been attached but can be made available upon request.

3. Based on my review of our files, on December 16, 2022, the government responded to this request stating: "Certain discoverable material covered by this request in our possession, custody and control will be produced in discovery. Going forward, we will continue to assess whether additional communications should be produced in accordance with our discovery obligations." A copy of this letter can be made available upon request.

4. Based on my review of the files, it appears that the parties had a telephone call to resolve discovery disputes. Follow up correspondence sent on May 25, 2023 by Jamie Lang of King & Spalding, in its pertinent part, reads:

**(5) All communications between Qualcomm and the government related to the civil case, the internal investigation, the criminal case, or any allegations contained in the superseding indictment**. It is our understanding from your December 16 letter and our January 4 call that you agreed to produce all documents in your possession that are responsive to this category and that are substantive. In other words, you will not produce, for example, calendar invites with no substance—so long as that information is otherwise reflected in other documents (*i.e.*, other documents that reflect the meeting date of the calendar invite). Please confirm that you have produced all such substantive, responsive documents.

A copy of this correspondence can be made available upon request.

5. Based on my review of our files, on June 9, 2023 the government responded to this letter stating:

> **All communications between Qualcomm and the government.** The United States agrees to produce substantive, discoverable communications from Qualcomm. The United States respectfully declines to produce sufficient records to identify each and every contact between the government and Qualcomm or its representatives. If you believe that such records are discoverable, we invite you to share the authority supporting that position and we will reevaluate.

A copy of this correspondence can be made available upon request.

6. On November 28, 2023, I emailed AUSAs Nick Pilchak ("Pilchak"), Eric Olah ("Olah"), and Janaki Chopra ("Chopra") requesting that they produce any "additional communications between the government and Qualcomm and/or its counsel Hueston & Hennigan LLP from May 2020 through present pursuant to Rule 16." A copy of this correspondence can be made available upon request.

7. The documents we have received from the government are hosted on a Relativity platform. I instructed staff members from my firm to run various searches to identify any communications between the government and Qualcomm and its representatives. It is my understanding that these searches included the names and domain

email addresses of Qualcomm individuals, its counsel, and government employees. After running extensive searches, my firm identified only five communications, listed below. These documents can be made available upon request.

- 6/25/18 email from M. Camp to SA Cook attaching an archive of QCABR_00000001-87 (native only, no Bates stamp)
- 6/25/18 email from M. Camp to SA Cook providing password to zip file of archive documents (native only, no Bates stamp)
- 4/28/20 Hueston Hennigan letter to Emily Allen TL-REPORTS-000687
- 5/8/20 M. Camp email to P. Halpern TL-REPORTS-001093
- 5/15/20 email from M. Camp to P. Halpern and M. Heesch TL-REPORTS-001095.

8.  Staff members from my firm additionally identified two other communications between Qualcomm and the government which were attached as exhibits to an ex parte application filed by Qualcomm on May 19, 2020. These emails are listed below and can be made available upon request.

- 5/13/20 email from P. Halpern to M. Camp QCABR_USAO_00003036
- 5/15/20 email from M. Heesch to M. Camp QCABR_USAO_000003038

9.  On December 7, 2022, I participated in a meet and confer call with AUSAs Pilchak and Olah concerning production of communications between Qualcomm and the government. During this call, I informed Mr. Pilchak that we had only identified seven communications between the entities. Mr. Pilchak agreed that more communications exist but stated they did not need to be produced because he considers the communications non-substantive. Mr. Pilchak explained that the government's and Qualcomm's practice is to send short emails or calendar invites to schedule phone calls to further discuss matters. My understanding from the call was that the entities also share documents and then schedule telephone calls to discuss them. Mr. Pilchak acknowledged that the government last searched for discoverable emails in December 2022.

10. I instructed staff members from my firm to search for any notes from the government reflecting phone calls between it and Qualcomm or its representatives. My understanding is that no such notes were located.

11. Attached as Exhibit 1 is a true and correct copy of an email dated November 21, 2023 from Kevin Kelly of Qualcomm to AUSA Pilchak. The government produced this document on December 12, 2023.

12. Attached as Exhibit 2 is a true and correct copy of email dated November 13, 2023 from Padraic Foran from the law firm Hueston Hennigan LLP, outside counsel for Qualcomm to AUSAs Pilchak, Chopra, Olah and Ms. Martha Hernandez. This document was also produced on December 12, 2023.

13. Attached as Exhibit 3 is a true and correct copy of the cooperation agreement entered between Qualcomm and Brad Quinton, Trent McClements, Andrew Hughes, Michael Lee, Scott Chin, Michael Smith, James Derbyshire, Picta Media, Inc., Douglas Konkin, and Invionics, Inc. on May 1, 2018.

14. On December 12, 2023, AUSA Pilchak confirmed via email that he does not believe the government has received any summaries of any Invionics employee interviews which post-date the May 1, 2018 cooperation agreement from Qualcomm. In follow-up correspondence, I asked Mr. Pilchak whether Qualcomm had produced a privilege log concerning these documents. I have not yet received a response from Mr. Pilchak. My understanding is that my firm has not identified any such privilege log in the documents produced to us.

15. Attached as Exhibit 4 is a true and correct copy of an IRS Criminal Investigation Memorandum summarizing an interview with Dave Weichert, defense counsel for Brad Quinton, dated September 14, 2023. My understanding is that the government produced this document on November 14, 2023.

16. Attached as Exhibit 5 is a true and correct copy of interview memorandum entitled: "Project Gopher- Qualcomm Confidential" which summarizes Anthony Schmidt's conversation with Brad Quinton in Vancouver, BC on May 18, 2017. My understanding is

that Qualcomm produced this interview summary, along with dozens of others, to the government in response to the grand jury subpoenas.

17. Attached as Exhibit 6 are excerpts from the transcript of the October 2, 2023 hearing before this court.

18. Attached as Exhibit 7 is a side-by-side comparison of Qualcomm's "suggestions" of documents the government should request for the grand jury subpoena and "Attachment A" to the grand jury subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of December 2023 in San Diego, California.

By: /s/ Rebecca S. Roberts
　　　Rebecca S. Roberts

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Taneja*

Andrew James Galvin
andrew.galvin@btlaw.com
BARNES & THORNBURG LLP
*Attorneys for Ali Akbar Shokouhi*

David K. Willingham
dwillingham@kslaw.com
Jamie A. Lang
jlang@kslaw.com
Blythe Golay Kochsiek
bkochsiek@kslaw.com
KING & SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
Janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: December 14, 2023            */s/ Leah Thompson*
                                    Leah Thompson