Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**JOINT MOTION TO CONTINUE HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

**To the Honorable Court:**

Dr. Karim Arabi, by and through his counsel, and the United States of America, by and through its counsel, hereby jointly move the Court to briefly continue the hearing on Dr. Arab's Motion to Suppress Post-Arrest Statements [Dkt. No. 193] and the United State's Motion to Compel Handwriting Exemplars [Dkt. No. 189] presently set for February 7, 2024 at 10:00 a.m. to February 13, 2024 at 10:00 a.m. The parties also jointly move to exclude time through February 13, 2024 under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7).

## I. Statement of the case.

On May 24, 2022, a federal grand jury in the Southern District of California returned an 8-count indictment charging Karim Arabi, Sheida Alan, aka Sheida Arabi ("Sheida"), Sanjiv Taneja, and Ali Akbar Shokouhi with wire fraud conspiracy, various related crimes, and criminal forfeiture. Dkt. No. 1. The grand jury returned a superseding indictment on July 19, 2022, adding factual allegations to Count 6 and certain allegations pertaining to criminal forfeiture. Dkt. No. 9.

## II. Statement of facts.

At the hearing on December 5, 2022, the Court found the case complex for purposes of the Speedy Trial Act. Dkt. No. 113. At a June 12, 2023 hearing, the Court set a substantive motion hearing for November 6, 2023, and excluded time until that date. Dkt. No. 129. On August 31, 2023, the Court set an interim hearing on Dr. Arabi's motion to compel discovery for September 25, 2023 at 2:45 p.m. Dkt. No. 154. On September 20, 2023, the Court set an additional interim hearing on Qualcomm Technologies, Inc.'s Motion to Quash Rule 17(c) Subpoena for October 2, 2023. Dkt. No. 160. On September 20, 2023, the parties filed a joint motion to continue hearings and exclude time under the Speedy Trial Act. Dkt. No. 161. On September 21, 2023, the Court granted the motion, set the interim hearing on the motion to compel and motion to quash for October 2, 2023 and the substantive motion hearing for November 13, 2023 and excluded time until the later date. Dkt. No. 162. On October 19, 2023, parties filed a joint motion to continue the substantive

motion hearing set for November 13, 2023 and exclude time under the Speedy trial Act. Dkt. No. 185.  On October 20, 2023, the Court granted the motion and set the substantive motion hearing for December 4, 2023 and excluded time until that date. Dkt. No. 186.  On November 29, 2023, the parties filed a joint motion to continue hearing and exclude time under the Speedy Trial Act.  Dkt. No. 203.  On November 29, 2023, the Court granted the motion and set the substantive motion hearing for January 4, 2024 and excluded time until that date. Dkt. No. 205.  At the January 4, 2024 hearing, the Court set an additional hearing to hear argument on the then-fully briefed Motion to Suppress and Motion to Compel for February 7, 2024 and excluded time until that date. Dkt. No. 220.  The parties are currently meeting and conferring regarding issues that may render the hearing moot, and in the interest of preserving judicial resources, the parties request the Court continue the hearing until the Court's next available hearing date of February 13, 2024 at 10:00 a.m.

Dr. Arabi is on bond.  To date, Dr. Arabi estimates that the United States has produced over 1.5 million pages of discovery (Dkt. No. 148-1 at 14), with further discovery owed to Dr. Arabi.  The United States' investigation in the case is ongoing, and the United States continues to produce discovery based on its ongoing investigation.

### III.  Memorandum of Points and Authorities

Section 3161(h) of the Speedy Trial Act excludes certain periods of time in calculating the 70-day period in which trial must generally commence following the later of a defendant's initial appearance or the filing of the indictment.  This includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The court must "set[] forth … either orally or in writing, its reasons" for the finding.  *Id*.  The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

…

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B).

"No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  18 U.S.C. § 3161(h)(7)(C).

For the case-specific reasons presented by this matter, and despite Dr. Arabi's counsel's diligent efforts to date, personal circumstances necessitate the requested continuance.  The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, in part because the discovery in this case is voluminous and the issues raised in it are complex.  Additionally, discovery remains ongoing due to the government's ongoing investigation in this matter.

Defense counsel represent that they have discussed the need for this continuance with Dr. Arabi, and Dr. Arabi agrees to and joins in the request for this continuance.

### IV. Conclusion

For the reasons stated above, the parties jointly move for a continuance and to exclude time under the Speedy Trial Act.  The parties agree that the period of delay excluded spans from the filing of this joint motion, 18 U.S.C. 3161(h)(1)(D), until the new hearing date set by the Court.

Respectfully submitted,

Dated:  February 2, 2024  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Rebecca S. Roberts*
Whitney Z. Bernstein
Rebecca S. Roberts
*Attorneys for Dr. Karim Arabi*

Dated:  February 2, 2024  By: */s/ Nicholas W. Pilchak*
Nicholas W. Pilchak
Janaki G. Chopra
Eric R. Olah
*Attorneys for the United States of America*

## CERTIFICATE OF AUTHORIZATION TO SIGN SIGNATURE

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to all counsel for the Plaintiff and codefendants' counsel and that I have obtained authorization from each attorney to affix his or her electronic signature to this document.

Dated: February 2, 2024  */s/ Rebecca S. Roberts*
Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for Dr. Karim Arabi certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/Dkt. No. system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Taneja*

Andrew James Galvin
andrew.galvin@btlaw.com
BARNES & THORNBURG LLP
*Attorneys for Ali Akbar Shokouhi*

David K. Willingham
dwillingham@kslaw.com
Jamie A. Lang
jlang@kslaw.com
Blythe Golay Kochsiek
bkochsiek@kslaw.com
KING & SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
Janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: February 2, 2024          */s/ Leah Thompson*
                                 Leah Thompson