HUESTON HENNIGAN LLP
Marshall A. Camp, State Bar No. 231389
Mcamp@hueston.com
Padraic W. Foran, State Bar No. 268278
pforan@hueston.com
Lauren E. Border, State Bar No. 327770
lborder@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 775-0898

Attorneys for Non-Party
Qualcomm Incorporated

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>KARIM ARABI, SHEIDA ALAN, SANJIV TANEJA, and ALI AKBAR SHOKOUHI,<br><br>　　　　　Defendants. | Case No. 3:22-CR-01152-BAS<br><br>**DECLARATION OF PADRAIC W. FORAN IN SUPPORT OF NON-PARTY QUALCOMM INCORPORATED'S MOTION TO QUASH RULE 17(c) SUBPOENA DUCES TECUM**<br><br>*[Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, and Declaration of Byron Yafuso]*<br><br>Date:　　　　TBD<br>Time:　　　　TBD<br>Courtroom:　12B<br>Judge:　　　Hon. Cynthia Bashant |

## DECLARATION OF PADRAIC W. FORAN

I, Padraic W. Foran, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm Hueston Hennigan LLP, counsel of record for Qualcomm Incorporated ("Qualcomm") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Qualcomm previously moved to quash an overbroad Rule 17(c) Subpoena *Duces Tecum* dated August 7, 2023 ("the 2023 Subpoena") served by Defendant Karim ("Arabi" or "Defendant") in this case. On October 13, 2023, the Court granted in part and denied in part Qualcomm's motion to quash. Dkt. 183. The Court ordered Qualcomm to produce *in camera* all materials, notes, recordings, transcripts, and other documentation of Qualcomm's interview(s) with Joseph Fang, Kevork Kechichian, and Saniv Taneja, but only to the extent that these items were not already produced to the Government. *Id.* at 11. The Court also ordered Qualcomm to submit a privilege log if it claimed any privilege applied to responsive documents. *Id.*

3. On November 3, 2023, Qualcomm complied with the Court's order and lodged (1) all non-privileged materials of Qualcomm's interview(s) with Joseph Fang, Kevork Kechichian, and Sanjiv Taneja not already produced to the Government that Qualcomm or Qualcomm's outside counsel had in their custody, possession, or control; and (2) a privilege log. No one ever challenged any entry on Qualcomm's privilege log.

4. Nearly a year later, Arabi has again served Qualcomm with an overbroad and improper subpoena. Attached hereto as **Exhibit A** is a true and correct copy of the Rule 17(c) Subpoena *Duces Tecum* dated October 29, 2024 ("the 2024 Subpoena") served by Arabi on Qualcomm.

5. Qualcomm served responses and objections to the 2024 Subpoena on November 14, 2024. The parties met and conferred on November 15, 2024, and were

unable to narrow the scope of their disagreement about the (in)validity of the subpoena requests. Attached as **Exhibit B** is a true and correct copy of email correspondence regarding the parties' meet and confer.

6. Request 1 of the 2024 Subpoena demands "[a]ll materials, notes, recordings, transcripts, and other documentation of any interview of" five individuals: Ziad Mansour, Duane Nelles, Bradley Quinton, Hiten Somwal, and Jim Thompson. This request calls for documents that Arabi previously requested in his 2023 Subpoena. Request A(2) from the 2023 Subpoena already demanded "[a]ll materials, notes, … and other documentation of Qualcomm's post-purchase investigation," and Request A(5) specifically demanded "[a]ll materials, notes, … and other documentation of Qualcomm's interviews with Brad Quinton." Dkt. 150-2 at 5. The Court rejected these requests in its October 13, 2023 order as "nothing but a fishing expedition." Dkt. 183 at 9. Further, as my law firm did not interview Mansour in connection with its investigation of the Abreezio acquisition, Qualcomm does not have any documents responsive to Request 1(a).

7. Request 1 of the 2024 Subpoena also calls for confidential materials that are protected by the attorney-client and attorney work-product privileges. Request 1 demands notes and memoranda that my law firm prepared in connection with interviews that the firm conducted as outside counsel to Qualcomm, at the direction of Qualcomm's in-house counsel, and in anticipation of or as part of the civil litigation Qualcomm filed against Arabi in 2017. Such notes and memoranda reflect attorney thoughts and impressions and have been kept in strict confidence. My firm did not create or obtain any transcripts or recordings of responsive interviews.

8. Request 5 of the 2024 Subpoena calls for a privilege log identifying all documents withheld by Qualcomm in response to the Government's grand jury subpoena issued on May 14, 2020. Qualcomm does not have any responsive documents. Qualcomm did not prepare any privilege log in response to the May 2020 grand jury subpoena. The May 2020 grand jury subpoena requested only non-

privileged documents, so any privileged documents were by definition non-responsive.

9. Request 7 of the 2024 Subpoena demanding "all emails and other documentation regarding the preservation notices or legal hold notices and releases of those preservation notices or legal hold notices with respect to the Abreezio acquisition" also calls for materials protected by privilege. Any responsive legal hold notice(s) and communications relating to them were sent by or at the direction of counsel in anticipation of or as part of litigation and have been held in strict confidence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of November 2024 at Los Angeles, California.

_____
Padraic W. Foran

# PROOF OF SERVICE

*United States of America, V. Karim Arabi, et al.*
U.S.D.C. Southern District of California, Case No. 3:22-cr-01152-BAS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

I hereby certify that on November 21, 2024, I caused the electronically filed aforementioned document with the United States District Court Southern District of California by using the CM/ECF system. I certify that counsel of record registered as ECF Filers will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2024, at Los Angeles, California.

Susan Segovia
(Type or print name)                                    (Signature)