Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>    Defendant. | Case No. 3:22-cr-1152-BAS-1<br>Honorable Cynthia Bashant<br><br>REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL<br><br>**DR. KARIM ARABI'S EX PARTE AND UNDER SEAL MOTION TO CONTINUE TRIAL FOR OUTSTANDING SUBPOENAED EXCLUPATORY EVIDENCE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Hearing Date: Monday, December 9, 2024<br>Time: 10:30 a.m.<br>Department: 12B |

**To the Honorable Court and Assistant United States Attorneys:**

Dr. Karim Arabi, by and through his counsel, hereby moves to continue the trial by approximately six weeks from January 21, 2025.[1] Dr. Arabi also moves to exclude the extended time for trial under the Speedy Trial Act ("STA")—among other reasons because denying the continuance would likely deprive the defense of critical exculpatory evidence, which would work a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7).

## I. INTRODUCTION

This is an exceptionally complex case.[2] Factually, it involves cutting-edge integrated-circuit technology and inventorship issues. Legally, it implicates essential nuances of the federal criminal fraud statutes, the interpretation of which has occupied the attention of the Supreme Court and circuit courts of appeals throughout recent years, as it continues to do even as this motion is filed.[3] Meanwhile, *zero* countable days have run on the seventy-day STA clock applicable to the operative Second Superseding Indictment ("SSI").

With the trial date rapidly approaching on January 21, 2025, Dr. Arabi still needs access to critical exculpatory digital evidence that he has sought by a subpoena *duces tecum* since mid-July of this year. That evidence is the source code and revision control repository for Abreezio's key software acquired by Qualcomm. As argued in Dr. Arabi's opposition

---

[1] To the extent the assigned assistant United States attorneys are unavailable in six weeks from the existing trial date, Dr. Arabi does not object to, and is prepared to join, if necessary, a request for a longer continuance to accommodate their conflicting trial schedules. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (continuity-of-counsel factor).

[2] The Court has formally designated this case as unusual or complex under the Speedy Trial Act. *See* Minute Entry, Dkt. No. 113; Order, Dkt. No. 121, ¶ 3.

[3] An important oral argument on the federal fraud statutes' scope is scheduled for this coming Monday, December 9, 2024, in *Kousisis v. United States*. In *Kousisis*, the questions presented include "[w]hether deception to induce a commercial exchange can constitute mail or wire fraud, even if inflicting economic harm on the alleged victim was not the object of the scheme." Questions Presented, https://www.supremecourt.gov/ qp/23-00909qp.pdf; *see also Ciminelli v. United States*, 598 U.S. 306 (2023); *Kelly v. United States*, 590 U.S. 391 (2020); *United States v. Milheiser*, 98 F.4th 935 (9th Cir. 2024).

1  to Qualcomm's motion to quash and shown by that opposition's attached declarations, these
2  data sources will reveal two critical facts severely damaging to the government's theory,
3  respectively: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮   These facts cast severe doubts on the SSI's charge that Dr. Arabi joined
10 a conspiracy whose "purpose" was to conceal the supposed fact he provisionally patented
11 the key technology or developed it or that it was developed "in close association" with him.
12 SSI, Dkt. No. 242, at ¶¶ 15, 16.u.  Forcing Dr. Arabi to trial without known, objective proof
13 that severely undermines the indictment's central allegations would be grossly unjust.

14      To ensure Dr. Arabi receives his due process right to a fair trial and his Sixth
15 Amendment rights to compulsory process and the effective assistance of counsel, the
16 defense respectfully asks the Court to grant a short continuance—if the Qualcomm
17 subpoena is promptly enforced, a six-week continuance is expected to suffice—to allow the
18 defense time to obtain, review, and integrate into the defense presentation this critical
19 exculpatory digital evidence.  These circumstances present more than good cause to exclude
20 additional time for such a purpose.  (Even if there were not good cause for additional
21 exclusion of time under the STA, the continuance requested would be, in any event, *shorter*
22 than the seventy remaining available days for trial under the existing STA clock.)

23 **II.    STATEMENT OF PROCEDURAL HISTORY AND FACTS**

24      **A.    Defense application and motions for subpoena to Qualcomm to include
25              the source code and revision control repository**

26      Dr. Arabi first applied (*ex parte* and under seal) for a subpoena to obtain this source
27 code and revision control repository and other categories of documents on July 9, 2024, *see*
28 Dkt. No. 262 (sealed).  On July 17, 2024, the Court granted some of Dr. Arabi's requests

for documents but denied his request seeking the software source code and control repositories. *See* Dkt. No. 265 (sealed). Dr. Arabi moved to reconsider the denial of the source code and revision control repository on July 29, 2024, Dkt. No. 267 (sealed), which the Court denied on August 5, 2024, Dkt. No. 271 (sealed) but invited Dr. Arabi to file additional evidence to support his request for access to the source code. Supplying additional evidence, He moved again to reconsider authorizing a subpoena for the source code and revision control repository on September 11, 2024. *See* Dkt. No. 286 (sealed) at 2. On October 1, 2024, the Court ordered Dr. Arabi to supplement the briefing of the subpoena, which Dr. Arabi did on October 11, 2024. *Id.* In that October 11, 2024, brief, Dr. Arabi noted the looming November 14, 2024, deadline for expert disclosures and requested the matter of the source code and revision control repository be resolved as expediently as possible. *Id.* On October 28, 2024, the Court granted reconsideration as to the source code and revision control repository, authorizing issuance of the subpoena seeking the source code and revision control repository, subject to a motion to quash from Qualcomm to be filed publicly, while ruling that the subpoenaed documents would be delivered to the Clerk of Court, rather than defense counsel. Dkt. No. 290 (sealed). As Dr. Arabi informed the Court throughout the briefing for the source code and revision control repository, he intended to issue one subpoena to Qualcomm that encompassed all authorized categories.

On November 21, 2024, Qualcomm moved to quash the subpoena, acknowledging it received service "on or around October 30, 2024." Dkt. No. 293; *id.* at p. 6 of 30 (CM/ECF page numbering). Dr. Arabi's response in opposition to the motion to quash is now due for filing on December 6, 2024. Dkt. No. 294.

### B. Speedy-trial clock

By default operation of the STA, the seventy-day trial clock would have restarted running with Dr. Arabi's October 7, 2024, arraignment on the Second Superseding Indictment ("SSI"), because that SSI added a new defendant. *See* SI, Dkt. No. 242; 10/07/2024 Minute Entry re SI arraignment, Dkt. No. 276; 18 U.S.C. § 3161(c)(1) (seventy-

day clock runs "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending"); *United States v. King*, 483 F.3d 969, 972–74 (9th Cir. 2007) (agreeing with other circuits that, under *Henderson v. United States*, 476 U.S. 321 (1986), absent bad faith by the government, a superseding indictment that adds new defendants generally restarts the original defendants' seventy-day clock).

Here, however, the seventy-day STA clock did not effectively start running on October 7, 2024. That is because, at the joint request of the United States and Dr. Arabi—and based on findings made by the Court at the October 7, 2024, hearing—all time since then until January 14, 2025, has already been excluded. *See* Joint Motion, Dkt. No. 277; Order, Dkt. No. 278 ("[T]he time from October 7, 2024 until the hearing on motions *in limine* set for January 14, 2025 is excluded under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), for the reasons stated at the October 7, 2024 hearing, including the need for adequate pretrial preparation such as preparation of expert witnesses, ongoing *ex parte* defense litigation, and the unusual volume of discovery and complexity of the case as stated in prior court orders"). As a result—absent bad faith by the government in the SSI's addition of Bradley Quinton as a defendant, a subject beyond the scope of this Motion—the Second Superseding Indictment still has a fresh seventy-day clock; zero countable days have run. *See King*, 483 F.3d at 972.

Moreover, Dr. Arabi is released on bond, and the discovery is extraordinarily voluminous. To date, Dr. Arabi estimates that the United States has produced over 1.5 million pages of discovery.

### C. Meeting and conferring regarding this request

The defense contacted the government for the government's position on the continuance request on November 27, 2024; the government considered the matter over the Thanksgiving holiday weekend and then replied on December 2, 2024, that the government—

> [a]nticipate[s] we would oppose a request for a third trial date. We are not certain whether the Court will order disclosure of the code you are seeking and its metadata, whether those records still

exist (or is retrievable or re-constructable even if so), or—most importantly—of the significance of the material to your case, given your very limited description of its materiality to date.

We are happy to consider any other information you want to supply, but otherwise will expect to file a short response to your motion for a continuance as soon as we can after your filing, to expedite the Court's consideration of your request.

The next day, defense counsel replied, in relevant part, addressing the importance of the outstanding evidence to the defense case:

The government alleges that Dr. Arabi was intimately involved in the development and creation of all technology Abreezio sold to Qualcomm. See, e.g., SSI ¶¶ 15, 16u, Dkt. No. 292-1 at ¶ 30.

Abreezio developed, and Qualcomm evaluated and purchased, EDA software tools. Abreezio transferred this source code, the revision control repository and its metadata to Qualcomm following the acquisition. A proper evaluation of the metadata of the source code and control repository, which is routinely done in civil litigation cases subject to standard protective orders and set protocol, will identify who created these tools and what specific IP concepts were implemented in them. Thus, it is critical evidence to mount a constitutionally effective defense.

Separately, Abreezio's low power ideas were at concept level only at the time of due diligence. Abreezio's low power level concepts were demonstrated to, and evaluated by, Qualcomm via Field Programmable Gate Arrays ("FPGA") demos. The source code and revision control repository, including all metadata for these FPGA demos will show who authored these concepts, and which of the low power concepts, as described in the various provisional patent applications were actually demonstrated and evaluated by Qualcomm. Qualcomm does not dispute that this data still exists. Thus, the metadata associated with the source code and revision control repositories for any and all FPGA demos presented to Qualcomm during due diligence is also critical evidence to amount a constitutionally effective defense for Dr. Arabi.

Dr. Sylvester's report attempts to link concepts from Alan's two provisional patents to PowerPoint slides Abreezio presented at

various times during due diligence. Especially given this, the actual source code and its metadata are more authoritative on the question of who actually developed the technology Qualcomm evaluated and bought than random PowerPoint slides presented at various points in the due diligence process.

Evaluating the IP that has been the subject of Qualcomm's own internal investigation, civil litigation, and criminal prosecution over the last decade is routine, straightforward, and should not take more six weeks. We would think this is evidence you should want in your quest for the truth here too.

Please let us know whether this changes your assessment.

On December 4, 2024, the government responded that it does not agree with Dr. Arabi's position as to the centrality of the information sought and that its position to the motion for continuance is unchanged.

**III.   THE COURT SHOULD GRANT THE REQUESTED CONTINUANCE BECAUSE THE OUTSTANDING SUBPOENAED DISCOVERY IS ESSENTIAL TO DR. ARABI'S RIGHTS TO COMPULSORY PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL, AND A FAIR TRIAL**

Dr. Arabi incorporates here by reference the arguments made and evidence cited in his opposition to Qualcomm's motion to quash the Qualcomm subpoena, which will be filed the same day as this motion, December 6, 2024. In short summary, the outstanding subpoenaed evidence from Qualcomm will reveal the identity of every person who authored the key software and FPGA demos Qualcomm evaluated during due diligence and acquired from Abreezio. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Thus, the source code and revision control repository for the Abreezio products and the FPGA demos, including all metadata, are critical evidence for Dr. Arabi to mount a constitutionally adequate defense against the broad criminal allegations he faces. That evidence is not available from any source other than Qualcomm. Because the SSI makes these facts central, *see* SSI, Dkt. No. 242, at ¶¶ 15, 16.u, the outstanding subpoenaed source code and revision control repository are exculpatory and indispensable.

## IV. APPROXIMATELY SIX WEEKS ARE ENOUGH

Software source code and control repositories are routinely made available as a matter of course in civil litigation involving intellectual property subject to agreed-upon protective orders and set protocol. Declaration of Jerry Barth ("Barth Decl."); Exs. A-D to Yasufo Decl. There is no reason why similar perimeters could not be established here in a timely matter. The defense believes all necessary arrangements for the source code and revision control repositories inspection can be made and executed within the additional time created by a six-week trial continuance.

## V. CONCLUSION

For the reasons stated above, Dr. Arabi respectfully requests a six-week trial continuance and order resetting the deadlines for, and hearing on, motions *in limine* proportionately.[4]

Dated: December 6, 2024

Respectfully submitted,

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: /s/ Rebecca S. Roberts
    Whitney Z. Bernstein
    Rebecca S. Roberts
    Ryan V. Fraser
    *Attorneys for Dr. Karim Arabi*

---

[4] Again, the defense does not object to a longer continuance to accommodate government counsel's schedule for trials in other cases.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Nicola T. Hanna
nhanna@gibsondunn.com
Winston Y. Chan
wchan@gibsondunn.com
Katherine H. Sharp
ksharp@gibsondunn.com
James N. Rotstein
jrotstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Sanjiv Taneja*

Andrew James Galvin
andrew.galvin@btlaw.com
BARNES & THORNBURG LLP
*Attorneys for Ali Akbar Shokouhi*

David K. Willingham
dwillingham@kslaw.com
Jamie A. Lang
jlang@kslaw.com
Blythe Golay Kochsiek
bkochsiek@kslaw.com
KING & SPALDING LLP
*Attorneys for Ali Akbar Shokouhi*

Nicholas W. Pilchak
nicholas.pilchak@usdoj.gov
Eric R. Olah
eric.olah@usdoj.gov
janaki Chopra
Janaki.chopra@usdoj.gov
ASSISTANT UNITED STATES ATTORNEYS

Dated: December 6, 2024         */s/ Leah Thompson*
                                Leah Thompson