TARA K. MCGRATH
United States Attorney
NICHOLAS W. PILCHAK
California Bar No. 331711
JANAKI G. CHOPRA
California Bar No. 272246
ERIC R. OLAH
California Bar No. 295513
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7540
Email: eric.olah@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI (1),<br><br>Defendant. | Case No.:  22-CR-1152-BAS<br>Date:       December 9, 2024<br>Time:       10:30 a.m.<br><br>Honorable Cynthia Bashant<br><br>**THE UNITED STATES' RESPONSE IN OPPOSITION TO DR. ARABI'S MOTION TO CONTINUE TRIAL (ECF 298)** |

The United States respectfully opposes Defendant Karim Arabi's request for a third trial date based on his outstanding third-party subpoena to the victim of his fraud, Qualcomm.

Dr. Arabi has already received extensive discovery in this case—1.5 million pages in his own accounting. ECF 298 at 4. He has moved to compel discovery at least four times. ECF 47, 97, 148, 163, 165, 192, 209. He has obtained at least two rounds of Rule 17 subpoenas to Qualcomm. ECF 150, 157, 159, 293. He has previously received in discovery, much of it produced years ago, (1) Abreezio's provisional and non-provisional patent applications; (2) issued patents covering Abreezio's technology; (3) Abreezio's marketing material pitching its technology to Qualcomm; (4) Abreezio's

internal emails and documents describing its technology; (5) an Abreezio technical manual for operating its software; (6) Qualcomm's internal records describing and evaluating Abreezio's technology; (7) substantive, technical emails between (a) Abreezio personnel and (b) Qualcomm personnel; and (8) post-acquisition records concerning the evaluation and implementation of Abreezio's technology—including detailed guidance prepared by Brad Quinton, whom Dr. Arabi evidently intends to portray as Abreezio's lone mastermind.  At trial, Dr. Arabi could take testimony from (9) former Abreezio employees; (10) Qualcomm employees who evaluated Abreezio's technology; and (11) Qualcomm employees responsible for trying to implement Abreezio's technology post-acquisition, any of whom could describe Abreezio's technology from first-hand knowledge.

But now, apparently the only evidence that will do is the evidence that is still outstanding, in response to a subpoena Dr. Arabi first sought almost two years after his arraignment.

The United States cannot fully evaluate the strength of Dr. Arabi's need for this evidence because, even now, he has withheld the most potent formulation of its importance to his case for tactical advantage, making it impossible for both parties to know whether the unknown data is truly "critical exculpatory evidence" whose absence "would work a miscarriage of justice."  ECF 298 at 1.  But based on the showing Dr. Arabi has been willing to make publicly, and measured against the great breadth of other information he has already received, the United States respectfully opposes his request for a continuance on these grounds.

DATED: December 7, 2024

TARA K. MCGRATH
United States Attorney

*/s/ Nicholas W. Pilchak*
NICHOLAS W. PILCHAK
JANAKI G. CHOPRA
ERIC R. OLAH
Assistant U.S. Attorney