Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
Ryan V. Fraser, SBN 272196
rfraser@bklwlaw.com
**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>            Defendant. | Case No. 3:22-cr-01152-BAS-1<br>Honorable Cynthia Bashant<br><br>**DR. KARIM ARABI'S OPPOSITION TO NON-PARTY ZIAD MANSOUR'S NOTICE OF MOTION AND JOINT MOTION TO QUASH RULE 17(a) SUBPOENA TO APPEAR AND TESTIFY AT TRIAL [DKT. NO. 347]**<br><br>Trial Date: March 10, 2025 |

**TO THE HONORABLE COURT AND COUNSEL FOR ZIAD MANSOUR:**

Dr. Karim Arabi respectfully submits this Opposition to Non-Party Ziad Mansour's Notice of Motion and Joint Motion to Quash Rule 17(a) Subpoena to Appear and Testify at Trial, filed as CM/ECF document number 347 (the "Motion").[1] The Motion should be denied because it fundamentally misunderstands the nature of the testimony Dr. Arabi plans to elicit. The testimony Dr. Arabi actually seeks to elicit doesn't threaten any of the interests claimed by the Motion.

**I.      Background**

Ziad Mansour was a senior vice president at Qualcomm who was intimately involved in Qualcomm's pre-acquisition due diligence review of Abreezio. As a November 21, 2024, FBI 302 report states, "On the technical diligence side, MANSOUR was at the top, overseeing both the sensor guys and the DFT guys." *See* TL-REPORTS-001545. On or about March 23 and December 1, 2023, counsel for Mr. Mansour—Aloke Chakravarty and James Melendres—made two proffers to the prosecutors in this case (collectively, the "Attorney Proffers"), which the prosecutors summarized by email to defense counsel on December 11, 2023 ("December 2023 Summary"). Contrary to standard practice, the Attorney Proffers were not memorialized in any report because, as the prosecutors have explained to defense counsel, no agents were present, despite having FBI, IRS, and USMS agents on this case. As a result, the only witnesses with personal knowledge of the Attorney Proffers' occurrence and subject matters are Mr. Chakravarty, Mr. Melendres, and the prosecutors.[2] Calling any of the prosecutors to the witness stand would present vouching problems that do not arise from having a nonparty's attorneys testify. *Cf., e.g., United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998) (discussing the advocate-witness rule, which generally prohibits an attorney from testifying in a case they are litigating;

---

[1]    The Motion confusingly labels itself *Ziad Mansour's* "joint" motion to quash the subpoena, but in fact the Motion seeks to quash a subpoena for the testimony of his counsel.

[2]    Mr. Chakravarty is simply mistaken that "there are many competent and safer witnesses to the Attorney Proffers" that Dr. Arabi can call at trial. *See* Motion at 11.

acknowledging the special concern in a criminal case "that jurors will be unduly influenced by the prestige and prominence of the prosecutor's office and will base their credibility determinations on improper factors" (citation omitted)).

## II.     Argument

**A. The Motion misunderstands the testimony to be elicited.**

Mr. Chakravarty and Mr. Melendres's arguments to quash the subpoena are entirely misdirected. The Motion is premised on the incorrect assumption that counsel for Dr. Arabi seeks to elicit testimony from Mr. Chakravarty regarding the substance of statements that he or Mr. Melendres made on Mr. Mansour's behalf during the Attorney Proffers. That is incorrect. Instead, Dr. Arabi seeks to call Mr. Chakravarty and Mr. Melendres for the limited purpose of establishing that (1) the Attorney Proffers occurred, and (2) the government failed to inquire into critical subjects. *See also* Arabi's Feb. 17, 2025, Ex Parte, Under Seal, In Camera Supp. to Opp'n to Gov.'s Supp'l Mot. in Limine 1. As to point (2), the December 2023 Summary suggests the government failed to ask whether Mr. Mansour was aware of Dr. Arabi's connection to Abreezio before its acquisition by Qualcomm. Mr. Mansour's awareness of Dr. Arabi's connection to Abreezio undermines the central allegation in this case—namely, that Dr. Arabi concealed his role at Abreezio with the intent to defraud Qualcomm.

**B. Dr. Arabi has the constitutional right to attack the quality of the government's investigation.**

Dr. Arabi's contemplated areas of examination of Mr. Chakravarty and Mr. Melendres thus bear on the integrity and thoroughness of the government's investigation, *see United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) ("To tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information."), and are not hearsay. *See* Fed. R. Evid. 801(a) (confining the definition of hearsay to intentional assertions, and so excluding intentional *questions*–and, by even greater force of logic—the absence of such questions); *Llamas v. Seibel*, No. 16-

CV-05812-WHO, 2017 WL 3782175, at *8 (N.D. Cal. Aug. 31, 2017) ("Testimony regarding the *absence* of a statement is not hearsay.") (emphasis in original); *cf. also Kyles v. Whitley*, 514 U.S. 419, 446 (1995) ("the defense could have examined the police to good effect on their knowledge of Beanie's statements and so have attacked the reliability of the investigation"). Dr. Arabi has a constitutional right to present a defense that the government failed to investigate evidence that would show he is not guilty. *See Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts. . . . [The accused] has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."); *Kyles*, 514 U.S. at 446; *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) ("the erroneous exclusion of important evidence will often rise to the level of a constitutional violation"); *Sager*, 227 F.3d at 1145 ("[d]etails of the investigatory process potentially affected . . . the weight to be given to evidence produced by [the] investigation").

### C. Mr. Mansour's right to zealous counsel is not in danger.

Nor do the proposed areas of examination implicate Mr. Mansour's Fifth and Sixth Amendment rights or his attorneys' ability to serve as his zealous advocates. Mr. Chakravarty and Mr. Melendres's testimony would merely confirm the topics into which the government did *not* inquire. Therefore, the testimony could not incriminate Mr. Mansour. It would only show the government's biased investigation.

### D. Rules 408 and 410 of the Federal Rule of Evidence are not at issue.

Neither Rule 408 nor Rule 410 of the Federal Rules of Evidence applies. First, Rule 408 bars evidence of statements or conduct only insofar as they relate to compromising "a disputed claim," Fed. R. Evid. 408(a), whereas Mr. Chakravarty's declaration and the Motion identify no disputed claim that was being negotiated or considered for a compromise of any kind. No exchange of consideration was contemplated. The Motion's apparently best case on Rule 408 applied it on a totally different record. That court found "that the use by counsel for plaintiff of the phrase 'without prejudice,' coupled with *his*

*listing of the damages*, *the plaintiff's desire to resolve the claims*, and a request for [the defendant's] earliest response" combined to show an intent to engage in compromise negotiations. *S. Leo Harmonay, Inc. v. Binks Mfg. Co.*, 597 F. Supp. 1014, 1023 (S.D.N.Y. 1984) (emphasis added). Here, on the other hand, there was no mention of resolving anything, no damages discussion, and no haste for any particular response. In any event, moreover, Rule 408 does not apply because Dr. Arabi is not seeking to admit statements, but rather the absence of questions by the government.

Second, Rule 410, for its part, bars the use of *statements* made *in plea discussions* and only "against the defendant who made the plea or participated in the plea discussions," Fed. R. Evid. 410(a), whereas here, plea discussions were not involved, so far as the Motion indicates, and regardless, *statements* are not what Dr. Arabi intends to offer. In addition, perhaps most obviously of all, Rule 410 cannot apply to exclude testimony regarding Mr. Mansour's attorneys' proffers because the testimony in question would not be offered *against Mr. Mansour*.

### III. Conclusion

The proper way of approaching any potential for admissibility issues would be for the Court to address any properly made objections during questioning, as they arise, not to quash the subpoena—and important evidence of Dr. Arabi's defense—wholesale. *Cf. also Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (acknowledging "at a minimum, that criminal defendants have the right to . . . compel[] the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt"); *Stever*, 603 F.3d at 755. For these reasons, the Court should deny the Motion and permit Dr. Arabi to exercise his constitutional right to put on his defense.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: March 3, 2025 | **BIENERT KATZMAN** |
| 3 |  | **LITTRELL WILLIAMS LLP** |

By: */s/ Ryan V. Fraser*
    Whitney Z. Bernstein
    Rebecca S. Roberts
    Ryan V. Fraser
    *Attorneys for Dr. Karim Arabi*

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Southern District of California, and at whose direction I caused service of the foregoing document entitled **DR. KARIM ARABI'S OPPOSITION TO NON-PARTY ZIAD MANSOUR'S NOTICE OF MOTION AND JOINT MOTION TO QUASH RULE 17(a) SUBPOENA TO APPEAR AND TESTIFY AT TRIAL [DKT. NO. 347]** on all interested parties as follows:

**[X] BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case.

**[X] BY EMAIL:** I caused the document(s) to be sent from e-mail address egarcia@bklwlaw.com to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Aloke S. Chakravarty
Saul Ewing, LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Email: aloke.chakravarty@saul.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 3, 2025 at Los Angeles, California.

*/s/ Elizabeth Garcia*
Elizabeth Garcia