Whitney Z. Bernstien, S.B.N. 304917
Rebecca S. Roberts, S.B.N. 225757
Ryan V. Fraser, S.B.N. 272196
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Email:  wbernstein@bklwlaw.com
        rroberts@bklwlaw.com
        rfraser@bklwlaw.com

*Attorneys for Dr. Karim Arabi*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>    Defendant. | Case No. 3:22-cr-1152-BAS<br>Honorable Cynthia A. Bashant<br><br>**DR. ARABI'S PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: March 10, 2024<br>Time: 9:00 a.m.<br>Courtroom: 12B |

# TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ............................................................... 1

1.    Duty of Jury ......................................................................................... 1

2.    The Charges—Presumption of Innocence, Burden of Proof .................. 2

3.    What Is Evidence ................................................................................. 6

4.    What Is Not Evidence .......................................................................... 7

5.    Direct and Circumstantial Evidence ..................................................... 8

6.    Ruling on Objections ........................................................................... 9

7.    Credibility of Witnesses ..................................................................... 10

8.    Conduct of the Jury ............................................................................ 12

9.    No Transcript Available to Jury ......................................................... 14

10.   Taking Notes ..................................................................................... 15

11.   Outline of Trial ................................................................................. 16

12.   Jury to Be Guided by English Translation (If Applicable) .................. 17

13.   Bench Conferences and Recesses ....................................................... 18

INSTRUCTIONS DURING COURSE OF TRIAL ........................................ 19

14.   Cautionary Instruction—First Recess ................................................ 19

15.   Stipulated Testimony (If Applicable) ................................................. 20

16.   Stipulations of Fact (If Applicable) ................................................... 21

17.   Other Crimes, Wrongs or Acts of Defendant (If Applicable) .............. 22

18.   Testimony of Witnesses Involving Special Circumstances, Immunity, Benefits, Accomplice, Plea .................................................................. 24

19.   Opinion Evidence—Expert Witness (To Be Tailored According to Events During Trial) ...................................................................................... 25

20.   Summaries Not Admitted Into Evidence (if applicable) ...................... 26

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

21. Charts and Summaries Admitted Into Evidence (if applicable)..............................27

POST-TRIAL INSTRUCTIONS.................................................................................28

22. Duties of Jury to Find Facts and Follow Law ..........................................................28

23. Charges Against Defendant Not Evidence—Presumption of Innocence...............29

24. Defendant's Decision Not to Testify / Defendant's Decision to Testify ...............30

25. Burden of Proof—Reasonable Doubt—Defined......................................................31

26. What is Evidence ....................................................................................................32

27. What is Not Evidence ............................................................................................33

28. Direct and Circumstantial Evidence .......................................................................34

29. Credibility of Witnesses .........................................................................................35

30. Activities Not Charged ...........................................................................................37

31. Separate Consideration of Multiple Counts—Single Defendant ............................38

32. Duty to Deliberate...................................................................................................39

33. Consideration of Evidence—Conduct of the Jury...................................................40

34. Use of Notes and Read Backs .................................................................................41

35. Jury Consideration of Punishment...........................................................................42

36. Verdict Form ..........................................................................................................43

37. Communication with Court .....................................................................................44

38. Conspiracy to Commit Wire Fraud .........................................................................45

39. Wire Fraud—Overview of Elements.......................................................................47

40. Wire Fraud—Unanimity as to False Representation [or Omitted Fact].................50

41. Knowingly—Defined ..............................................................................................51

42. Wire Fraud—Limitations Necessary to Avoid Constructive Amendment ............52

43. Use of Wires ..........................................................................................................53

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

44. Wire Fraud—Fraudulent Inducement ........................................................ 54

45. Wire Fraud—Nature of the Bargain (Part One) ....................................... 55

46. Wire Fraud—Nature of the Bargain (Part Two)........................................ 56

47. Wire Fraud—the Party Deceived Must Be the Same Party that the Defendant Intended to Defraud ................................................................ 57

48. Wire Fraud—Object of the Fraud Must Be Money or Property ............. 58

49. Wire Fraud—Intent to Defraud, Deceive, and Cheat .............................. 59

50. Wire Fraud—Intent to Cheat; Deprivation of Money or Property or Lack Thereof as Natural and Probable Consequence of Intent ....................... 60

51. Wire Fraud—Deprivation of Money or Property ..................................... 61

52. Wire Fraud—Accurate Information Is Not a Traditional Property Right .............. 62

53. Wire Fraud—Evidence of Materiality ...................................................... 63

54. Wire Fraud—Valuable Information Not Property ................................... 64

55. Wire Fraud—Inventorship ........................................................................ 65

56. Wire Fraud—Prior Art and Ideas in the Public Domain Are Not Property ........... 66

57. Wire Fraud—Overview for Qualcomm's Alleged Contract-Based Property Interest in Abreezio Intellectual Property.................................. 67

58. Wire Fraud—Qualified Imputation of Qualcomm Employees' Knowledge to Qualcomm ............................................................................ 69

59. Money Laundering Conspiracy ................................................................ 70

60. Multiple Conspiracies ............................................................................... 72

61. Venue Generally ........................................................................................ 73

62. Wire-Fraud Venue ..................................................................................... 74

63. Defense Theory of the Case....................................................................... 75

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

**PRELIMINARY INSTRUCTIONS**

    **1.**    **Duty of Jury**

    Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

    When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

    Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

<u>Authority</u>[1]

    Ninth Circuit Manual of Model Criminal Jury Instruction 1.1 (2022 edition, last updated June 2024) (henceforth "2022 Model Instr.").

---

[1] The "Authority" section of each proposed instruction indicates any proposed modifications from a Ninth Circuit model jury instruction other than replacements of references to "the defendant" with Dr. Arabi's name.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 2.    The Charges—Presumption of Innocence, Burden of Proof

This is a criminal case brought by the United States government against Dr. Arabi. Only Dr. Arabi is currently on trial. The government charges Dr. Arabi with conspiracy to commit wire fraud, which is Count One; wire fraud, which is Count Two, and conspiracy to launder monetary instruments, which is Count Six.  The charges are not evidence and do not prove anything.

Dr. Arabi has pleaded not guilty to the charges and is presumed innocent unless the government proves he is guilty beyond a reasonable doubt. In addition, he has the right to remain silent and never has to prove his innocence or present any evidence.

To help you follow the evidence, I will now give you a summary of the elements of each of the charges.

The elements of wire fraud are as follows:

First, Dr. Arabi knowingly devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises[, or omitted facts][2], regarding the inventorship of technology involved in Qualcomm's acquisition of Abreezio;

Second, the statements made [or facts omitted][3] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Dr. Arabi acted with the intent to defraud, that is, the intent to deceive and cheat, meaning deprive Qualcomm of money or property; and

Fourth, Dr. Arabi used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

---

[2] Dr. Arabi maintains his objection to any instruction allowing for a conviction based on an omission, *see* Arabi's Motion in Limine #2, Dkt. 315, at 16–17 of 32 (ECF page numbering), but acknowledges this language follows from the Court's denial of his Motion in Limine #2.

[3] See footnote 2, *supra*.

[To convict Dr. Arabi of wire fraud based on omissions of material facts, you must find that he had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.][4]

To convict Dr. Arabi of wire fraud, the false or fraudulent pretenses, representations, or promises[, or omitted facts][5] must have directly or indirectly deceived Qualcomm about the nature of the bargain in Qualcomm's acquisition of Abreezio.

The elements of *conspiracy* to commit wire fraud are as follows:

First, beginning no later than October 2014, and continuing until at least June 2018, there was an agreement between two or more persons to commit wire fraud, as that crime is defined in the instructions in this case; and

---

[4] See footnote 2, *supra*.

[5] See footnote 2, *supra*.

Second, Dr. Arabi became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after October 2014 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.

The elements of conspiracy to launder monetary instruments are as follows:

First, there was an agreement to commit concealment money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code or transactional money laundering in violation of Section 1957 of the same Title, with all of you agreeing on at least one such object—concealment money laundering or transactional money laundering;

Second, Dr. Arabi knew the objective of the agreement;

Third, Dr. Arabi joined the agreement with the intent to further its unlawful purpose.

Concealment money laundering consists of the following elements:

First, Dr. Arabi or a coconspirator would conduct a financial transaction involving property that represented the proceeds of wire fraud;

Second, Dr. Arabi knew that the property represented the proceeds of some form of unlawful activity; and

Third, Dr. Arabi knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affect interstate or foreign commerce in any way or one or more monetary instruments that affect interstate or foreign commerce in any way or the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that Dr. Arabi knew that the property involved in the transaction

represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  Wire fraud is a felony.

Transactional money laundering consists of the following elements:

First, Dr. Arabi or a coconspirator would knowingly engage or attempted to engage in a monetary transaction;

Second, Dr. Arabi knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000; and

Fourth, the property was, in fact, derived from wire fraud.

The term "monetary transaction" means the transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense.  The government must prove that Dr. Arabi knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that Dr. Arabi knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

Authority

2022 Model Instr. 1.2 (modified to include case-specific information and to delete the words "and until" from the original phrase "presumed innocent unless and until the government proves he is guilty beyond a reasonable doubt" and to delete references to an indictment and replace them with "the charges").

For authorities on the elements of the charges, please see the below proposed instructions on each charge.

### 3.    What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

<u>Authority</u>

2022 Model Instr. 1.3 (anticipating stipulated facts).

### 4.    What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

<u>Authority</u>

2022 Model Instr. 1.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 5.    Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

<u>Authority</u>

2022 Model Instr. 1.5.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 6.    Ruling on Objections

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Authority</u>

2022 Model Instr. 1.6.

### 7.    Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

1    The weight of the evidence as to a fact does not necessarily depend on the number of

2    witnesses who testify about it.  What is important is how believable the witnesses are, and

3    how much weight you think their testimony deserves.

<u>Authority</u>

4

5    2022 Model Instr. 1.7.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

**8.    Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority

2022 Model Instr. 1.8.

### 9.    No Transcript Available to Jury

At the end of the trial you will have to make your decision based on what you recall of the evidence.  I urge you to pay close attention to the testimony as it is given.  You will not have a written transcript of the trial available to you though you may request in writing that trial testimony be read back to you.

<u>Authority</u>

2022 Model Instr. 1.9 (modified to reflect that the jury may request portions of testimony be read back); *United States v. Richard*, 504 F.3d 1109, 1113 (9th Cir. 2007) (district courts have discretion to determine whether testimony should be read back).

### 10.    Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

<u>Authority</u>

2022 Model Instr. 1.10.

**11.    Outline of Trial**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for Dr. Arabi may cross-examine.  Then, if Dr. Arabi chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case]..

After that, you will go to the jury room to deliberate on your verdict.

<u>Authority</u>

2022 Model Instr. 1.11.

**12.    Jury to Be Guided by English Translation (If Applicable)**

A language other than English will be used for some evidence during this trial.  When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translators.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

<u>Authority</u>

2022 Model Instr. 1.12 (selections made between bracketed options in the Model Instruction).

### 13.    Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

<u>Authority</u>

2022 Model Instr. 1.16.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

**INSTRUCTIONS DURING COURSE OF TRIAL**

**14.    Cautionary Instruction—First Recess**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [*Wait for a show of hands and address as needed*.]  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

Authority

2022 Model Instr. 2.1 (adapted for Model Instr. 2.1, Alternative 1).

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 15.    Stipulated Testimony (If Applicable)

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

<u>Authority</u>

2022 Model Instr. 2.2.

**16.    Stipulations of Fact (If Applicable)**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

<u>Authority</u>

2022 Model Instr. 2.3.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 17.    Other Crimes, Wrongs or Acts of Defendant (If Applicable)

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] [are about to see evidence] that Dr. Arabi [summarize other act evidence]. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether Dr. Arabi:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

or

[had a motive or the opportunity to commit the acts charged in the indictment;]

or

[was preparing or planning to commit the acts charged in the indictment;]

or

[acted with a method of operation as evidenced by a unique pattern [describe pattern];]

or

[did not commit the acts for which Dr. Arabi is on trial by accident or mistake;]

or

[is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];]

or

[describe other purpose for which other act evidence was admitted.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Dr. Arabi is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Dr. Arabi committed the crime[s]

charged.  You may not consider this evidence as proof that Dr. Arabi has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because Dr. Arabi may have committed the other act[s], [he] [she] must also have committed the act[s] charged in the indictment.

Remember that Dr. Arabi is on trial here only for [state charges], not for these other acts.  Do not return a guilty verdict unless the government proves the crime[s] charged in the indictment beyond a reasonable doubt.

<u>Authority</u>

2022 Model Instr. 2.10.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

**18.    Testimony of Witnesses Involving Special Circumstances, Immunity, Benefits, Accomplice, Plea**

You have heard testimony from [Sanjiv Taneja / Akbar Shokouhi], a witness who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against him.  He is also receiving benefits and favored treatment from the government in connection with this case. In addition, he pleaded guilty to a crime arising out of the same events for which Dr. Arabi is on trial.  This guilty plea is not evidence against Dr. Arabi, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of [Sanjiv Taneja / Akbar Shokouhi], you should consider the extent to which or whether his testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of [Sanjiv Taneja / Akbar Shokouhi] with greater caution than that of other witnesses.

<u>Authority</u>

2022 Model Instr. 3.9 (modified for this case).

### 19. Opinion Evidence—Expert Witness
### (To Be Tailored According to Events During Trial)

You are about to hear testimony from [*insert expert witness's name*], who will testify about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

<u>Authority</u>

2022 Model Instr. 3.14.

1   **20.    Summaries Not Admitted Into Evidence (if applicable)**

2   During the trial, certain charts and summaries were shown to you in order to help

3   explain the evidence in the case.  These charts and summaries were not admitted in evidence

4   and will not go into the jury room with you.  They are not themselves evidence or proof of

5   any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the

6   case, you should disregard these charts and summaries and determine the facts from the

7   underlying evidence.

8

9                                   Authority

    2022 Model Instr. 3.16.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**21.    Charts and Summaries Admitted Into Evidence (if applicable)**

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

<u>Authority</u>

2022 Model Instr. 3.17.

**POST-TRIAL INSTRUCTIONS**

## 22.    Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

<u>Authority</u>

2022 Model Instr. 6.1 (including admonition regarding unconscious biases).

### 23.     Charges Against Defendant Not Evidence—Presumption of Innocence

The charges are not evidence.  Dr. Arabi has pleaded not guilty to the charges.  He is presumed to be innocent unless the government proves he is guilty beyond a reasonable doubt.

In addition, he does not have to testify or present any evidence.  He does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

<u>Authority</u>

2022 Model Instr. 6.2 ("indictment is" replaced with "charges are"; "and until" deleted from the original phrase "innocent unless and until the government proves he is guilty beyond a reasonable doubt").

**24.    Defendant's Decision Not to Testify / Defendant's Decision to Testify**

[If Dr. Arabi did not testify:] A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that Dr. Arabi did not testify.

[If Dr. Arabi testified:] Dr. Arabi has testified. You should treat this testimony just as you would the testimony of any other witness.

Authority

2022 Model Instr. 6.3, 6.4.

1    **25.    Burden of Proof—Reasonable Doubt—Defined**

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced the

3    defendant is guilty.  It is not required that the government prove guilt beyond all possible

4    doubt.

5    A reasonable doubt is a doubt based upon reason and common sense and is not based

6    purely on speculation. It may arise from a careful and impartial consideration of all the

7    evidence, or from lack of evidence.

8    If after a careful and impartial consideration of all the evidence, you are not

9    convinced beyond a reasonable doubt that Dr. Arabi is guilty, it is your duty to find Dr.

10    Arabi not guilty.  On the other hand, if after a careful and impartial consideration of all the

11    evidence, you are convinced beyond a reasonable doubt that Dr. Arabi is guilty, it is your

12    duty to find Dr. Arabi guilty.

13                                    Authority

14    2022 Model Instr. 6.5.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

**26.    What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

<u>Authority</u>

2022 Model Instr. 6.6 (anticipating stipulated facts).

1

### 27.    What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority</u>

2022 Model Instr. 6.7.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 28.     Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Authority</u>

2022 Model Instr. 6.8.

### 29.    Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

1    The weight of the evidence as to a fact does not necessarily depend on the number of

2    witnesses who testify.  What is important is how believable the witnesses were, and how

3    much weight you think their testimony deserves.

4                                                Authority

5    2022  Model  Instr.  6.9  (bracket  selection  made  to  reference  conscious  and

6    unconscious bias explicitly).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 30.    Activities Not Charged

You are here only to determine whether Dr. Arabi is guilty or not guilty of each of Count One, Count Two, and Count Six.. He is not on trial for any alleged offense other than Count One, Count Two, or Count Six.

<u>Authority</u>

2022 Model Instr. 6.10 (replacing reference to the indictment with reference to particular charges).

**31.    Separate Consideration of Multiple Counts—Single Defendant**

A separate crime is charged against Dr. Arabi in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

<u>Authority</u>

2022 Model Instr. 6.11.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 32. Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

<u>Authority</u>

2022 Model Instr. 6.19 (including discussion of unconscious bias).

### 33.    Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

<u>Authority</u>
2022 Model Instr. 6.20 (including bracketed warning re mistrial risk).

### 34.    Use of Notes and Read Backs

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

As I instructed you at the beginning of the case, you will not have a written transcript of the trial available to you during your deliberations though you may request in writing that trial testimony be read back to you.

<u>Authority</u>

2022 Model Instr. 6.21 (modified to reflect that the jury may request that portions of testimony be read back to them); *United States v. Richard*, 504 F.3d 1109, 1113 (9th Cir. 2007) (recognizing that district courts have discretion to determine whether testimony should be read back to the jury).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**35.    Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Dr. Arabi beyond a reasonable doubt.

<u>Authority</u>

2022 Model Instr. 6.22.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 36.    Verdict Form

A verdict form has been prepared for you. If you reach unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

<u>Authority</u>

2022 Model Instr. 6.23 (modified to replace "after" with "if").

### 37.    Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more of members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of either defendant, until after you have reached a unanimous verdict or have been discharged.

<u>Authority</u>

2022 Model Instr. 6.24.

### 38.    Conspiracy to Commit Wire Fraud

Dr. Arabi is charged in Count One with conspiracy to commit wire fraud.  To be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 2014, and continuing until at least June 2018, there was an agreement between two or more persons to commit wire fraud, as that crime is defined in the instructions in this case; and

Second, Dr. Arabi became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after October 2014 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit wire fraud, with all of you agreeing that the conspirators agreed to commit wire fraud, as these instructions define that offense.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by

associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

I am now going to provide more specific instructions regarding each of the elements of wire fraud, which you should use in your consideration of Counts One and Two.

<u>Authority</u>

2022 Model Instr. 11.1 (modified to be case-specific and to clarify that wire fraud is a defined term, and to indicate that more specific instructions regarding the elements of wire fraud will follow); *United States v. Ball*, 711 Fed. App'x 838, 841 (9th Cir. 2017) (unpublished) (requiring an overt act for conspiracy to commit mail and wire fraud (citing *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010))).

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 39.    Wire Fraud—Overview of Elements

Karim Arabi is charged in Count One with conspiring to commit wire fraud in violation of section 1349 of title 18 of the United States Code and in Count Two with wire fraud in violation of section 1343 of title 18 of the United States Code. For Dr. Arabi to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Dr. Arabi knowingly devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises[, or omitted facts][6], with all of you agreeing on at least one particular false pretense, representation or promise that was made [or fact that was omitted][7] regarding the inventorship of the technology;

Second, the statements made [or facts omitted][8] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Dr. Arabi acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, Dr. Arabi used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only Dr. Arabi's words and statements but also the circumstances in which they are used as a whole.

[To convict Dr. Arabi of wire fraud based on omissions of material facts, you must find that he had a duty to disclose the omitted facts arising out of a relationship of trust.

---

[6] Dr. Arabi maintains his objection to any instruction allowing for a conviction based on an omission, *see* Arabi's Motion in Limine #2, Dkt. 315, at 16–17 of 32 (ECF page numbering), but acknowledges this language follows from the Court's denial of his Motion in Limine #2.

[7] See footnote 6, *supra*.

[8] See footnote 6, *supra*.

That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.][9]

To convict Dr. Arabi of wire fraud, the false or fraudulent pretenses, representations, or promises[, or omitted facts][10] must have directly or indirectly deceived Qualcomm about the nature of the bargain in Qualcomm's acquisition of Abreezio.

I am now going to provide more specific instructions regarding several of the foregoing elements of wire fraud, which you should use in your consideration of Counts One and Two.

<u>Authority</u>

2022 Model Instr. 15.35 (adapted to the Second Superseding Indictment and incorporating the Court's prior ruling, over defense objection, to allow an "omissions" theory and indicating that more specific instructions regarding the elements of wire fraud and mail fraud will follow); 2022 Model Instr. 15.34 (guidance regarding finding a fiduciary duty); *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996) (affirming instruction

[9] See footnote 6, *supra*.

[10] See footnote 6, *supra*.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

requiring unanimity "on at least one particular false promise or statement that was made"); *see also United States v. Camberos*, case no. 3:23-cr-1916-BAS, Dkt. No. 203 (Court's Jury Instructions), Instr. No. 13, at 18 of 40 (CM/ECF page numbering) (requiring unanimity as to the "particular false pretense, representation or promise that was made").

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

1    **40.    Wire Fraud—Unanimity as to False Representation [or Omitted Fact][11]**

2    With respect to the first element of wire fraud, you must all agree on at least one

3 particular false or fraudulent pretense, representation, or promise that was made to

4 Qualcomm [or you must all agree on at least one particular omitted fact that Dr. Arabi had

5 a duty to disclose to Qualcomm arising out arising out of a relationship of trust, but which

6 was concealed from Qualcomm][12].

7

8                                    Authority

9    *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996) (affirming instruction

10 requiring unanimity "on at least one particular false promise or statement that was made");

11 *see also United States v. Camberos*, case no. 3:23-cr-1916-BAS, Dkt. No. 203 (Court's Jury

12 Instructions), Instr. No. 13, at 18 of 40 (CM/ECF page numbering) (requiring unanimity as

13 to the "particular false pretense, representation or promise that was made").

---

[11] See footnote 6, *supra*.

[12] See footnote 6, *supra*.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

1

### 41.    Knowingly—Defined

For purposes of wire fraud—but not money-laundering conspiracy, for which this definition does not apply—an act is done "knowingly" if Dr. Arabi is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of Dr. Arabi's words, acts, or omissions, along with all the other evidence, in deciding whether Dr. Arabi acted knowingly.

<u>Authority</u>

2022 Model Instrs. 4.8, 18.7 ("Because it is a specific intent crime, it is reversible error to give Instruction 4.8 (Knowingly) in a money laundering case in a manner that indicates the defendant need not know that the money being laundered was proceeds of criminal transactions.").

Model Instruction 4.8's bracketed sentence, "[t]he government is not required to prove that the defendant knew that his acts or omissions were unlawful," should be omitted. Including the bracketed sentence of this instruction was error requiring a new trial on wire fraud charges in *United States v. Smith*, No. 17-cr-20, 2022 WL 17729383, at *6 (D. Guam Dec. 16, 2022) (holding that by giving the general instruction that the government was not required to prove the defendant's knowledge that his acts were unlawful, "the instructions omitted an element of the [specific intent] offense as surely as if the district court had failed to mention the element altogether") (quoting *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994)).

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 42.    Wire Fraud—Limitations Necessary to Avoid Constructive Amendment

To satisfy the false-representation [or omitted-fact][13] element of wire-fraud conspiracy or wire fraud, as charged in Counts One and Two, respectively, the government must prove beyond reasonable doubt that the false representation [or omitted fact][14] at issue was intended to deceive Qualcomm about one or more of the following facts, if it is a fact:

- That Dr. Arabi himself provisionally patented Abreezio's material technology; or
- That Dr. Arabi himself developed what was nominally Abreezio's material technology[; or
- That Akbar Shokouhi's company was involved in Abreezio's funding and development][15].

You may not find Dr. Arabi guilty of Count One or Count Two on the basis of a false representation [or omitted fact][16] related to any other subject.

<u>Authority</u>

These are the only forms of deceit that were indicted as possible bases for the wire-fraud conspiracy charge or the substantive wire-fraud charge in Counts One and Two. *See* SSI ¶ 15. A conviction on a theory that was not indicted would violate the Fifth Amendment. *See Stirone v. United States*, 361 U.S. 212, 217 (1960); *United States v. Ward*, 747 F.3d 1184, 1192 (9th Cir. 2014); Feb. 3, 2024, Hr'g Tr. at 47:22–24 (Def. Counsel: "[O]wnership turns on whether or not he in fact invented and created the technology." The Court: "I agree.").

---

[13] See footnote 6, *supra*.

[14] See footnote 6, *supra*.

[15] The jury should not be instructed to consider deceit regarding Shokouhi's company because the mere concealment of a role by Shokouhi or his company in Abreezio's funding or development would constitute at most only a deprivation of accurate information necessary for a discretionary business decision, which is not federal fraud under *Ciminelli v. United States*, 598 U.S. 306, 308 (2023) ("Because 'potentially valuable economic information' 'necessary to make discretionary economic decisions' is not a traditional property interest, we now hold that the right-to-control theory is not a valid basis for liability under [18 U.S.C.] § 1343."). *See also United States v. Yates*, 16 F.4th 256, 264–66 (9th Cir. 2021) (holding that there is no cognizable property interest in the ethereal right to accurate information).

[16] See footnote 6, *supra*.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 43.     Use of Wires

The fourth element of wire fraud requires that the government prove beyond a reasonable doubt that Dr. Arabi used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.  A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It need not have been reasonably foreseeable to Dr. Arabi that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to Dr. Arabi that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme as alleged in the particular count under consideration.

The wiring alleged by the government for Count Two is as follows:

| Approximate Date | Sending Bank | Receiving Bank | Approximate Amount (USD) |
|---|---|---|---|
| October 30, 2015 | Bank of America | Canadian Imperial Bank of Commerce | $91,854,370.93 |

Authority

2022 Model Instr. 15.35 (modified to reflect Count Two allegation).

### 44.    Wire Fraud—Fraudulent Inducement

It is not sufficient for the government to prove Dr. Arabi engaged in a scheme or plan to induce Qualcomm to purchase Abreezio through deception.

A scheme to induce a transaction in money or property through deception, but which intends no harm to a property interest, does not constitute a scheme to defraud under the wire fraud statute.

<u>Authority</u>

*United States v. Milheiser*, 98 F.4th 935, 942, 945 (9th Cir. 2024) (stating that "even if misrepresentations result in money or property changing hands, they still may not necessarily constitute fraud," and holding that a fraud conviction requires more than "a defendant mak[ing] a false statement that would be expected to and did cause someone to turn over money"); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception"); *United States v. Takhalov*, 827 F.3d 1307, 1313 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016) ("a schemer who tricks someone to enter into a transaction has not 'schemed to defraud' so long as he does not intend to harm the person he intends to trick"); *Kousisis v. United States*, U.S. S.Ct. No. 23-909 (Question Presented: "Whether a scheme to induce a transaction in property through deception, but which contemplates no harm to any property interest, constitutes a scheme to defraud under the federal wire fraud statute, 18 U.S.C. § 1343.").

### 45.    Wire Fraud—Nature of the Bargain (Part One)

The false or fraudulent pretenses, representations, or promises required for wire fraud must directly or indirectly deceive the victim about the essential nature of the bargain. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction. The nature of the bargain may depend on the specific transaction at issue and may be shown by a contract related to the bargain, such as a unit purchase agreement.

<u>Authority</u>

2022 Model Instr. 15.35; *United States v. Milheiser*, 98 F.4th 935, 942, 945 (9th Cir. 2024); *United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016) ("a 'scheme to defraud,' as that phrase is used in the wire-fraud statute, refers only to those schemes in which a defendant lies about the nature of the bargain itself"), *see also United States v. Camberos*, case no. 3:23-cr-1916-BAS, Dkt. No. 203 (Court's Jury Instructions), Instr. No. 15, at 22 of 40 (CM/ECF page numbering); Dkt. 311 at 8 ("The Government charges that Qualcomm would not have bought Abreezio because its value came from Arabi's patents. If, however, evidence shows that the true value of Abreezio was not the provisional patents allegedly developed by Arabi, but some other aspect of Abreezio—for example, key personnel Qualcomm could not get otherwise—and if the evidence shows this non-Arabi or provisional patent-related value was worth what Qualcomm paid, then this would provide Arabi with a valid defense under *Milheiser*.").

Dr. Arabi did not know or intend that Qualcomm would suffer pecuniary harm from acquiring Abreezio, and mere fraudulent inducement is not a valid basis for federal wire or mail fraud. *Cf. Ciminelli v. United States*, 598 U.S. 306, 312 (2023) ("[T]he Government must prove not only that wire fraud defendants 'engaged in deception,' but also that money or property was 'an object of their fraud.'" (quoting *Kelly v. United States*, 590 U.S. 391, 398 (2020))); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception"); Pet'rs' Br. in *Kousisis v. United States*, S. Ct. no. 23-909.

### 46.    Wire Fraud—Nature of the Bargain (Part Two)

If fraudulent pretenses, representations, or promises caused Qualcomm to acquire Abreezio, but Qualcomm still received what it bargained for at the price it bargained to pay, then the government has failed to prove wire fraud. Thus, if you find that Dr. Arabi had a role in the formation of Abreezio and that his role in Abreezio was hidden from Qualcomm, but Qualcomm nevertheless received the agreed upon technology and Abreezio personnel at the bargained-for price, then you must find Dr. Arabi not guilty.

<u>Authority</u>

2022 Model Instr. 15.35; *United States v. Milheiser*, 98 F.4th 935, 942, 945 (9th Cir. 2024); *United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016) ("a 'scheme to defraud,' as that phrase is used in the wire-fraud statute, refers only to those schemes in which a defendant lies about the nature of the bargain itself"), *see also United States v. Camberos*, case no. 3:23-cr-1916-BAS, Dkt. No. 203 (Court's Jury Instructions), Instr. No. 15, at 22 of 40 (CM/ECF page numbering); Dkt. 311 at 8 ("The Government charges that Qualcomm would not have bought Abreezio because its value came from Arabi's patents. If, however, evidence shows that the true value of Abreezio was not the provisional patents allegedly developed by Arabi, but some other aspect of Abreezio—for example, key personnel Qualcomm could not get otherwise—and if the evidence shows this non-Arabi or provisional patent-related value was worth what Qualcomm paid, then this would provide Arabi with a valid defense under *Milheiser*.").

Dr. Arabi did not know or intend that Qualcomm would suffer pecuniary harm from acquiring Abreezio, and mere fraudulent inducement is not a valid basis for federal wire or mail fraud. *Cf. Ciminelli v. United States*, 598 U.S. 306, 312 (2023) ("[T]he Government must prove not only that wire fraud defendants 'engaged in deception,' but also that money or property was 'an object of their fraud.'" (quoting *Kelly v. United States*, 590 U.S. 391, 398 (2020))); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception"); Pet'rs' Br. in *Kousisis v. United States*, S. Ct. no. 23-909,

**47.    Wire Fraud—the Party Deceived Must Be the Same Party that the Defendant Intended to Defraud**

For wire fraud, the government must prove beyond reasonable doubt both that there was a victim of a material misrepresentation about the nature of a bargain and that that victim is the same one Dr. Arabi intended to defraud.

<u>Authority</u>

*United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) ("the intent must be to obtain money or property from the one who is deceived") (citing *McNally v. United States*, 483 U.S. 350, 358 (1987), superseded by 18 U.S.C. § 1346 on other (honest-services fraud) grounds).

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 48.   Wire Fraud—Object of the Fraud Must Be Money or Property

The government must prove beyond a reasonable doubt that depriving Qualcomm of money or property was the object of a scheme by Dr. Arabi.  It is not sufficient if a deprivation of money or property was merely an incidental byproduct.

Authority

2022 Model Instr. 15.35; *Kelly v. United States*, 590 U.S. 391, 402 (2020) (holding property must be an "object of the fraud" and that "[a] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme"); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception").

1

### 49.    Wire Fraud—Intent to Defraud, Deceive, and Cheat

The third element of wire fraud requires the government to prove beyond a reasonable doubt that Dr. Arabi had intent to defraud, which is intent to deceive and cheat. This means the government must prove beyond reasonable doubt both that Dr. Arabi intended to deceive Qualcomm and also that, in deceiving Qualcomm, he intended to deprive Qualcomm of money or property.

Authority

2022 Model Instr. 15.35; *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception").

**50.   Wire Fraud—Intent to Cheat; Deprivation of Money or Property or Lack Thereof as Natural and Probable Consequence of Intent**

You may infer that a person intends the natural and probable consequences of any act knowingly done or knowingly omitted. Thus, you may consider any evidence of an economic loss to Qualcomm from the Abreezio acquisition, or any lack of evidence of such a loss, in deciding whether the government has proven beyond reasonable doubt that Dr. Arabi intended to cheat Qualcomm.

<u>Authority</u>

2022 Model Instr. 15.35; *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception"); *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (upholding instruction that jurors "may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted").

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 51.    Wire Fraud—Deprivation of Money or Property

A net-profitable or break-even transaction, or a transaction that tends to increase or leave unchanged, rather than diminish, the alleged victim's value is not a deprivation of money or property.

Authority

2022 Model Instr. 15.32; *United States v. Milheiser*, 98 F.4th 935, 942, 944–45 (9th Cir. 2024); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("hold[ing] that wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception"); *United States v. Bruchhausen*, 977 F.2d 464, 467 (9th Cir. 1992) (ruling that purported victims were not deprived of money or property because they "received the full sale price for their products; they clearly suffered no monetary loss"); Dkt. 311 at 8 ("The Government charges that Qualcomm would not have bought Abreezio because its value came from Arabi's patents. If, however, evidence shows that the true value of Abreezio was not the provisional patents allegedly developed by Arabi, but some other aspect of Abreezio—for example, key personnel Qualcomm could not get otherwise—and if the evidence shows this non-Arabi or provisional patent-related value was worth what Qualcomm paid, then this would provide Arabi with a valid defense under *Milheiser*."); *cf. also Kousisis v. United States*, U.S. S. Ct. case no. 23-909 (pending), Brief for the United States, 2024 WL 4405280, at *I (Oct. 2, 2024) (framing the question presented as whether a conviction for "for wire fraud, in violation of 18 U.S.C. 1343, and conspiring to commit wire fraud, in violation of 18 U.S.C. 1343 and 1349, required proof of net pecuniary loss").

### 52.    Wire Fraud—Accurate Information Is Not a Traditional Property Right

In the context of federal wire fraud, a general intangible right to make a business decision with accurate information does not qualify as "money" or "property."

<u>Authority</u>

"In sum, the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes." *Ciminelli v. United States*, 598 U.S. 306, 316 (2023).

> The accurate-information theory is legally insufficient. There is no cognizable property interest in the ethereal right to accurate information. Although a property right in trade secrets or confidential business information can constitute something of value, the right to make an informed business decision and the intangible right to make an informed lending decision cannot.

> Recognizing accurate information as property would transform all deception into fraud.

*United States v. Yates*, 16 F.4th 256, 265 (9th Cir. 2021) (cleaned up).

### 53.    Wire Fraud—Evidence of Materiality

In considering materiality, the second element of wire fraud, you are to decide a false statement's [or omitted fact's][17] natural tendency to influence or its capability of influencing a potential start-up acquiror in Qualcomm's position. That is the ultimate question of materiality, rather than whether any false statement or omitted fact actually influenced Qualcomm. Even so, you may consider evidence of the factors and information that Qualcomm itself actually treated as material or immaterial in the Abreezio acquisition as you decide materiality, if you find a false statement [or omitted fact] proven beyond reasonable doubt.

Authority

2022 Model Instr. 15.35; *United States v. Lindsey*, 850 F.3d 1009, 1017 (9th Cir. 2017) (indicating that where there is only one participant in a market, that participant's historical behavior is "strong evidence" of materiality; on the other hand, where there are many market participants, one individual participant's behavior is not relevant to materiality). Here, there were relatively few potential acquirors for a start-up like Abreezio, so evidence of what Qualcomm considered material or immaterial is relevant to the materiality element.

---

[17] See footnote 6, *supra*.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

1

### 54.    Wire Fraud—Valuable Information Not Property

2
3
4
5

The federal wire fraud statute only protects traditional property interests.  A company does not have a traditional property interest in receiving accurate information about how a company it acquires was founded.  More generally, information that may have aided Qualcomm in making informed business decisions is not a traditional property interest.

6
7
8

If you find that the any scheme proven was intended only to deprive Qualcomm of valuable economic information it needed to make discretionary economic decisions, then you must find Dr. Arabi not guilty of all charges.

9

10

Authority

11
12
13
14
15

*Ciminelli v. United States*, 598 U.S. 306, 309 (2023) ("We have held . . .  that the federal fraud statutes criminalize only schemes to deprive people of traditional property interests."); *id*. at 16 ("The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest."); *United States v. Yates*, 16 F.4th 256, 265–66 (9th Cir. 2021) (holding that deprivation of the "right to accurate information" or the right to "make an informed business decision" is not cognizable under the federal fraud statutes).

16
17
18
19
20
21
22
23
24
25
26
27
28

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

1

### 55.    Wire Fraud—Inventorship

An inventor must have contributed to the conception of an invention in a way not obvious to one ordinarily skilled in the art.  One who suggests an idea of a result to be accomplished, rather than the means of accomplishing it, is not a coinventor.

Authority:

Manual of Patent Examining Procedure, Section 2109, Inventorship, II. An Inventor Must Contribute to the Conception of the Invention, United States Patent and Trademark Office,https://www.uspto.gov/web/offices/pac/mpep/s2109.html (last accessed Feb. 16, 2025) ("[O]ne who suggests an idea of a result to be accomplished, rather than the means of accomplishing it, it not an [sic] coinventor").

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 56.    Wire Fraud—Prior Art and Ideas in the Public Domain Are Not Property

There can be no property interest in an idea or concept that lacks novelty or is a part of the public domain.

Authority

35 U.S.C. § 102 ("(a) NOVELTY; PRIOR ART—A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention . . ."); 35 U.S.C. § 103 ("Conditions for patentability; non-obvious subject matter. A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."); 18 U.S.C. § 1839(3)(B) (requiring, for a trade secret, that "the information derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information").

### 57.    Wire Fraud—Overview for Qualcomm's Alleged Contract-Based Property Interest in Abreezio Intellectual Property

The government alleges that, pursuant to an "Invention Disclosure, Confidentiality & Proprietary Rights Agreement" (hereafter, "Agreement") with Dr. Arabi, Qualcomm already owned the material intellectual property that it was deceived into acquiring from Abreezio. There is no other means by which the government contends that Qualcomm owned Abreezio intellectual property before the Abreezio acquisition.

Therefore, if you have reasonable doubt that Dr. Arabi created Abreezio's material intellectual property, you must find him not guilty.

[Further, if you have reasonable doubt that the Agreement was enforceable, you must find him not guilty.

If the Agreement created a presumption allowing for a post-employment invention by Dr. Arabi to be assigned to Qualcomm, even if the invention was not based on Qualcomm's secrets or confidential information, then the Agreement was entirely unenforceable.][18]

Authority

The Second Superseding Indictment ("SSI") alleges no means by which Qualcomm could own Abreezio's intellectual property before the acquisition other than the Agreement and creation of the intellectual property by Dr. Arabi. And a conviction on a theory that was not indicted would violate the Fifth Amendment. *See Stirone v. United States*, 361 U.S. 212, 217 (1960); *United States v. Ward*, 747 F.3d 1184, 1192 (9th Cir. 2014).

---

[18] Dr. Arabi acknowledges the Court's denial, at docket entry 220, or denial without prejudice at pages 77 through 79 of the January 4, 2024, hearing transcript, of his motion for a declaratory judgment attacking the invention-assignment agreement as unenforceable, but the Court based its ruling in part on the conclusion that "there are factual issues that need to be resolved." Jan. 4, 2024, Hr'g Tr. at 77:11–12. In any event, Dr. Arabi now requests to have the jury instructed on the applicable law pertaining to the enforceability of the invention-assignment agreement. *See United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) (recognizing a defendant's right to an instruction accurately stating the law with "some foundation in the evidence").

*See also* Cal. Bus. and Prof. Code § 16600; Cal. Labor Code §§ 2870, 2872; *Whitewater W. Indus., Ltd. v. Alleshouse*, 981 F.3d 1045, 1047 (Fed. Cir. 2020) (enforceability of invention-assignment clause is a question of state law); *id.* at 1051–55 (discussing case law and concluding "that invention-assignment provisions that go beyond protection of proprietary information and ensnare post-employment inventions are to be judged under the strict § 16600 standards that protect former employees"); *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, 630 F. Supp. 2d 1084, 1091 (N.D. Cal. 2009) ("*Shanghai*") ("The Court is not permitted to apply any narrowing construction to limit the application of the Assignment Clause to confidential information or to inventions conceived by former Applied employees during their tenure at Applied." (citing *Kolani v. Gluska*, 64 Cal. App. 4th 402, 407 (1998)); *Applied Materials, Inc. v. Demaray LLC*, 2021 WL 4222177, at *11 (N.D. Cal. Sept. 16, 2021).

> Assignment clauses function as unlawful non-compete provisions where they require an employee to assign an invention conceived after departing from an employer's service. *See Bd. of Tr. of Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.,* 487 F.Supp. 2d 1099, 1116 (N.D. Cal. 2007). Such clauses are enforceable, however, to the extent they "relate[ ] to ideas and concepts which were based upon secrets or confidential information of the employer . . . ." *Armorlite Lens Co. v. Campbell,* 340 F. Supp. 273, 275 (S.D. Cal. 1972).

*Shanghai*, 630 F. Supp. at 1090.

In *Shanghai*, the clause in question presumed that any invention described or disclosed within one year after employment would be assigned to the employer, so long as the invention related to the employee's work with the employer. *Id.* at 1088–89. The employer argued this agreement was enforceable because the presumption was rebuttable. *Id.* at 1089. But the court disagreed because the agreement failed to explain *how* the employee could rebut the presumption. *Id.*

### 58. Wire Fraud—Qualified Imputation of Qualcomm Employees' Knowledge to Qualcomm

For your consideration of whether Qualcomm was deceived with respect to a material fact, I instruct you as follows: Qualcomm had notice and knowledge of any fact that any of its employees had notice of or knew from acting within the scope of their employment with Qualcomm, except to the extent that the government has proven beyond reasonable doubt that the Qualcomm employee knew the fact from colluding against Qualcomm or Dr. Arabi knew that the Qualcomm employee would not advise Qualcomm of the fact.

<u>Authority</u>

Under the doctrine of imputed knowledge a principal is chargeable with and is bound by the knowledge or notice received by his or her agent while the agent is acting within the scope of his or her authority. The law imputes the knowledge to the principal, regardless of whether the agent actually communicates the knowledge to the principal. . . .

[But] there are two exceptions to the general rule of imputed knowledge. First, courts make an exception if an agent and a third party act in collusion against the principal. Second, courts will not apply the general rule when the third party knows that the agent will not advise the principal.

*River Colony Ests. Gen. P'ship v. Bayview Fin. Trading Grp., Inc.*, 287 F. Supp. 2d 1213, 1227 (S.D. Cal. 2003) (citing *Columbia Pictures Corp. v. DeToth*, 87 Cal. App. 2d 620, 630 (1948) (other citations omitted)).

### 59.    Money Laundering Conspiracy

Karim Arabi is charged in Count Six with conspiracy to launder monetary instruments in violation of Section 1956(h) of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement to commit concealment money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code or transactional money laundering in violation of Section 1957 of the same Title, with all of you agreeing on at least one such object—concealment money laundering or transactional money laundering;

Second, Dr. Arabi knew the objective of the agreement;

Third, Dr. Arabi joined the agreement with the intent to further its unlawful purpose.

Concealment money laundering consists of the following elements:

First, Dr. Arabi or a coconspirator would conduct a financial transaction involving property that represented the proceeds of wire fraud;

Second, Dr. Arabi knew that the property represented the proceeds of some form of unlawful activity; and

Third, Dr. Arabi knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affect interstate or foreign commerce in any way or one or more monetary instruments that affect interstate or foreign commerce in any way or the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that Dr. Arabi knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that wire fraud is a felony.

Transactional money laundering consists of the following elements:

First, Dr. Arabi or a coconspirator would knowingly engage or attempted to engage in a monetary transaction;

Second, Dr. Arabi knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000; and

Fourth, the property was, in fact, derived from wire fraud.

The term "monetary transaction" means the transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense. The government must prove that Dr. Arabi knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that Dr. Arabi knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

## Authority

2022 Model Instr. 18.7A, 18.4, 18.7.

DR. ARABI'S PROPOSED JURY INSTRUCTIONS

### 60.    Multiple Conspiracies

You must decide whether the conspiracy charged in the indictment—to sell Abreezio to Qualcomm as though Abreezio's DFT technology had not been invented by Karim Arabi—existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed, such as a conspiracy to conceal a role played by Dr. Arabi in Abreezio as a founder or business consultant. Similarly, if you find that Dr. Arabi was not a member of the charged conspiracy to sell Abreezio to Qualcomm as though Abreezio's DFT technology had not been invented by Karim Arabi, then you must find him not guilty, even though he may have been a member of some other conspiracy.

Authority

2022 Model Instr. 11.3 (modified to include case-specific references); *see also United States v. Camberos*, case no. 3:23-cr-1916-BAS, Dkt. No. 203 (Court's Jury Instructions), Instr. No. 21, at 30 of 40 (CM/ECF page numbering); *United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) (recognizing a defendant's right to an instruction accurately stating the law with "some foundation in the evidence"). In the alternative to giving this case-specific modification of Model Instruction 11.3, the Court should give the generic version of Ninth Circuit Model Criminal Jury Instruction 11.3.

### 61.    Venue Generally

The government has the burden of proving that the offenses charged occurred in the Southern District of California. The Southern District of California consists of two counties: San Diego County and Imperial County.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, the venue of the offense need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that the offenses took place in the Southern District of California.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

If the government has not proven venue by a preponderance of evidence for any count, you must find Dr. Arabi not guilty of that count.

Authority

2022 Model Instr. 6.32 (modified for clarity and to remove indictment reference); *see also United States v. Fortenberry*, 89 F.4th 702, 713 (9th Cir. 2023); *United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020).

### 62.    Wire-Fraud Venue

This Instruction addresses your decision regarding venue for Count Two. The wiring alleged by the government for this count is as follows:

| Approximate Date | Sending Bank | Receiving Bank | Approximate Amount (USD) |
|---|---|---|---|
| October 30, 2015 | Bank of America | Canadian Imperial Bank of Commerce | $91,854,370.93 |

With respect to Count Two, before you may return a verdict of guilty, the government must convince you by a preponderance of the evidence that the alleged wire transmission, if it occurred, originated in, passed through, was received in, or was orchestrated from within, the Southern District of California. It is not enough for the government to show that the alleged scheme to defraud occurred in this district.

Authority

Wire-fraud "venue is established [only] in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was orchestrated." *United States v. Pace,* 314 F.3d 344, 349–50 (9th Cir. 2002) (internal quotation marks omitted). The location of the underlying scheme to defraud in itself does *not* support venue for wire fraud, because "[a] scheme to defraud . . . without the requisite illegal use of wires, does not violate the wire fraud statute." *Id.* at 350.

63.    **Defense Theory of the Case**

The defense theory of the case is as follows: [To be provided after the defense rests.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Date:   March 3, 2025

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By:  _/s/ Ryan V. Fraser_
     Whitney Z. Bernstein
     Rebecca S. Roberts
     Ryan V. Fraser
     *Attorneys for Dr. Karim Arabi*

DR. ARABI'S PROPOSED JURY INSTRUCTIONS