# Exhibit 3

| | |
|---|---|
| **From:** | Whitney Bernstein |
| **To:** | Padraic Foran |
| **Cc:** | Rebecca Roberts; Ryan V. Fraser; Leah Thompson; Marshall A. Camp; Michael P. Schneider |
| **Subject:** | RE: U.S. v. Arabi - Trial Subpoenas |
| **Date:** | Monday, March 10, 2025 8:21:01 PM |
| **Attachments:** | image002.png<br>image004.png<br>image005.png |

Hi Padriac,

Following up on our below email. Have not received any response from you as far as we can tell, but apologies if we missed it? Did see the motion you just filed, and that you did not mention the below discussion or include this email amongst the many allegations you made about us. Please advise whether you will be completing the record to include this information.

Thanks,

Whitney



**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP
(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Friday, March 7, 2025 11:08 PM
**To:** Padraic Foran <pforan@hueston.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>; Leah Thompson <lthompson@bklwlaw.com>; Marshall A. Camp <mcamp@hueston.com>; Michael P. Schneider <mschneider@hueston.com>
**Subject:** Re: U.S. v. Arabi - Trial Subpoenas

Hi Padriac,

Thanks for the email. We take our ethical obligations seriously and want to ensure this is handled appropriately.

We disagree with this analysis. Obviously have a lot to do with trial starting Monday, but will try to read any other authority you want to send on the topic, as we noted that all of the cases below are CA state civil cases. What is cited thus far does not seem to address the fact that this is not a civil case nor a CA state case, this is a federal criminal prosecution of Dr. Arabi by the US government. These are not documents produced by QCOM to Dr. Arabi in the course of

a civil case or CA state case, Dr. Arabi was provided discovery that contains *Brady* and *Giglio* materials by the government pursuant to their *Brady* and *Giglio* obligations and Dr. Arabi's constitutional rights.  Even assuming QCOM's inadvertence and privilege claims were accurate, which we dispute, the production of these exculpatory documents is consistent with our understanding that *Brady*, *Giglio*, and the Constitution trump common law claims.  Further, QCOM is not an adverse party here – QCOM is not even a party to this case, unless this is now a concession that QCOM and the government have worked so closely together in this prosecution as to be effectively indistinguishable such that QCOM is in fact an adverse party to this case, as that may change the analysis.

Additionally, even if you had a valid basis as a non-party to demand the return of exculpatory discovery materials produced by the government pursuant to *Brady*, *Giglio*, and the Constitution, which remain in the possession of the government and untold others, we disagree that these were inadvertently produced and that these are privileged.  But should we reach this part of the analysis, to assess these claims further, to start, please advise of: (1) all parties who have ever been shown the documents you would like to claw back (by name and date); (2) all parties who have ever been provided the documents you would like to claw back (by name and date); (3) all parties who have ever been told of the substance of the documents you would like to claw back (by name and date); (4) all parties to whom claw back requests have been made regarding these documents; (5) the date of all claw back requests; and (6) the status of those requests.

Thank you,

Whitney



**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP
(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

**From:** Padraic Foran <pforan@hueston.com>
**Date:** Friday, March 7, 2025 at 9:29 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>, Ryan V. Fraser <rfraser@bklwlaw.com>, Leah Thompson <lthompson@bklwlaw.com>, Marshall A. Camp <mcamp@hueston.com>, Michael P. Schneider <mschneider@hueston.com>
**Subject:** RE: U.S. v. Arabi - Trial Subpoenas

Whitney,

Thanks for confirming the checks went out.

My understanding is that the Government is prepared to destroy Exhibit 2545 and to comply with the clawback request so long as Dr. Arabi agrees to do the same. But the Government has told me that it understands that Dr. Arabi has so far refused to comply with the clawback request and that it believes it would prejudice the United States if Defendant continues to use a trial exhibit that the Government cannot. Thus, to the extent that the Government has not yet complied, I understand that is due to Dr. Arabi's refusal.

Numerous authorities confirm that inadvertent disclosure of privileged material does not waive privilege and that, when such inadvertent production occurs, attorneys have a duty to avoid the knowing use of an adverse party's privileged documents. California State Bar Rule 4.4 imposes an ethical duty on an attorney who receives a writing that appears to be an inadvertently produced attorney-client communication to "refrain from examining the writing any more than is necessary to determine that it is privileged or subject to the work product doctrine" and to "promptly notify the sender." This Rule tracks the standards long adopted by the California Supreme Court in the seminal cases of *State Comp. Ins. Fund v. WPS, Inc. (State Fund)*, 70 Cal. App. 4th 644, 657 (1999) (effectively adopting this rule as to inadvertently produced materials protected by the attorney-client privilege) and *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 818 (2007) (extending the rule to inadvertently produced material protected by the attorney work product doctrine). The California Supreme Court adopted such a rule prohibiting lawyers from the use of inadvertently produced privileged material both "to protect the sanctity of the attorney-client privilege and to discourage unprofessional conduct." *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th at 657. The duty to comply with this rule is so significant that California courts have disqualified counsel for their failure to comply. *See, e.g., McDermott Will & Emery LLP v. Superior Ct.*, 10 Cal. App. 5th 1083, 1107 (2017); *Militello v. VFARM,* 1509, 89 Cal. App. 5th 602, 607 (2023) ("counsel's knowing use of the opposing side's privileged documents, however obtained, is a ground for disqualification.") I am not aware of any exception to the ethical duty based on the fact that the attorney who receives the inadvertently produced privilege material represents a criminal defendant or wants to represent her client especially zealously.

Federal Rule of Evidence 502 likewise confirms that Qualcomm's disclosure of Ex. 2545 cannot constitute any waiver of privilege. Qualcomm disclosed Ex. 2545 in a California state proceeding. California Civil Procedure includes an express provision for the clawback of ESI that is subject to a claim of privilege. *See* Cal. CCP § 2031.285. I note that Dr. Arabi's counsel in the Civil Litigation also exercised this clawback power under California law, clawing back documents they had produced repeatedly. Qualcomm's disclosure in the Civil Litigation therefore "[wa]s not a waiver under the law of the state where the disclosure occurred." FRE 502(c)(2). Qualcomm's re-production of exhibit 2545 to the Government—along with the nearly 100,000 other documents that Qualcomm produced to the Government as part of its wholesale re-production of its document production from the Civil Litigation—was likewise not a waiver FRE 502(b), because it constitutes an inadvertent production. Qualcomm did not intend to produce any privileged communications between its patent counsel and Qualcomm employees, took reasonable steps to avoid any such disclosure by conducting a large-scale and expensive privilege review in the Civil Litigation (including creating a

privilege log more than 800 pages long and with more than 5000 entries), and then sought to claw back trial exhibit 2545 promptly—the very same day the Government alerted Qualcomm to it. Again, I am not aware of any exception that would apply merely because this case is a criminal case or because Qualcomm is a non-party to this criminal case against Dr. Arabi.

Let me know if you want to discuss or believe you need further information.

**Padraic Foran**

**HUESTON HENNIGAN** LLP

D: 213.788.4354
pforan@hueston.com
Biography

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Friday, March 7, 2025 1:21 PM
**To:** Padraic Foran <pforan@hueston.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>; Leah Thompson <lthompson@bklwlaw.com>; Marshall A. Camp <mcamp@hueston.com>; Michael P. Schneider <mschneider@hueston.com>
**Subject:** Re: U.S. v. Arabi - Trial Subpoenas

Hi Padriac,

Thanks for the email.

It sounds like we will see you or someone from your office Monday morning.  If we did not already send a $40 check for Mr. Thompson's attendance fee to you in what you receive today, we will have that available for him c/o you on Monday.

Regarding Mr. Cole, we do not agree that the exhibit was inadvertently produced or is privileged.  In terms of your claw back request of our trial exhibit, first, we understand you made a claw back request on the same grounds of the government as well, so please advise whether they have in fact destroyed the document and complied with your claw back request. Next, can you please direct us to authority that a third party can demand of a criminal defendant to claw back discovery materials produced by the government pursuant to its statutory and constitutional obligations (including but not limited to Brady, Giglio, and FRCRP 16) and the criminal defendant's statutory and constitutional rights (including but not limited to due process, Sixth Amendment, and FRCRP 16)?  We are happy to hear back from you on the first question and review authority as to the second question, and go from there.

In the meantime, I believe we also sent you a $40 check for Mr. Cole pursuant to your earlier request and our call the other evening, but again, if that's not in the packet you receive today

for whatever reason, we can have that for him c/o you when we see you (or whomever) on Monday.

Let me know if you have any questions or want to connect.

Thanks,

Whitney



**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP
(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

**From:** Padraic Foran <pforan@hueston.com>
**Date:** Friday, March 7, 2025 at 12:58 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>, Ryan V. Fraser <rfraser@bklwlaw.com>, Leah Thompson <lthompson@bklwlaw.com>, Marshall A. Camp <mcamp@hueston.com>, Michael P. Schneider <mschneider@hueston.com>
**Subject:** RE: U.S. v. Arabi - Trial Subpoenas

Whitney,

Please let me know the status of the witness fees and mileage proposal in my email below. I also wanted to follow up on our discussion from Wednesday afternoon regarding Jim Thompson and Nick Cole.

With respect to Mr. Thompson, I informed you that he plans to appear at the courthouse on Monday. If Mr. Thompson is called to testify by the Government, we expect the defense to exhaust his testimony so that he is not required be appear multiple times. This is especially important for Mr. Thompson, who lives in Utah and should not be required to travel back to California repeatedly. I understood from our call that you would not commit to do so at this time. If Mr. Thompson is not released after his testimony in the government's case-in-chief, then we can discuss on-call arrangements for appearing in response to Mr. Arabi's subpoena. I expect Mr. Thompson will be open to such an agreement if it becomes necessary. But I want to flag that Mr. Arabi did not tender the "one day's witness-attendance fee and the legal mileage allowance" required by Criminal Rule of Criminal Procedure 17(d) for Mr. Thompson either. Please provide his first day's witness fee. Mr. Thompson lives in Utah, so if required to return to San Diego to comply with Mr. Arabi's subpoena, would do so by common carrier. You can therefore forego initial mileage fees for Mr. Thompson and we will instead present receipts for his actual travel costs at a later time, if they become necessary.

With respect to Mr. Cole, you confirmed that you intend to examine him regarding trial Exhibit 2545, an inadvertently produced and plainly privileged document that Qualcomm has sought to claw back. I understood from our call that Dr. Arabi does not intend to comply with Qualcomm's clawback request. You would not disclose any other topic on which you plan to examine Mr. Cole. Based on this new information, Qualcomm now intends to move to quash the subpoena to Mr. Cole.

Subject to that forthcoming motion to quash and the payment of first day witness fees (which have not been paid to Mr. Cole either), I can confirm that Mr. Cole will agree to be "on call" to testify in the trial scheduled to begin March 10. I again mentioned that Mr. Cole plans to be out of the country on a pre-planned vacation next week, which you agreed should not affect Dr. Arabi's subpoena given that the defense case-in-chief will not have begun yet. You have requested that Mr. Cole agree to be on call to testify on 48 hours' notice but have committed to me that you will provide as much notice as possible. I appreciate that. To provide notice of Mr. Cole's need to appear to testify, please email the Hueston Hennigan team:

- Marshall Camp, at mcamp@hueston.com
- Michael Schneider, at mschneider@hueston.com
- Padraic Foran, at pforan@hueston.com

I would appreciate you copying all three of us to ensure that we receive the notice as quickly as possible. Given Mr. Cole's agreement to be on call (once fees are tendered and subject to his forthcoming motion to quash), he does not plan to appear at the courthouse on March 10 and will instead await Dr. Arabi's notice.

Let me know if you want to discuss anything above or in my email below. Thanks!

**Padraic Foran**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4354
pforan@hueston.com
Biography

---

**From:** Padraic Foran <pforan@hueston.com>
**Sent:** Wednesday, March 5, 2025 8:22 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>; Leah Thompson <lthompson@bklwlaw.com>; Marshall A. Camp <mcamp@hueston.com>; Michael P. Schneider <mschneider@hueston.com>
**Subject:** RE: U.S. v. Arabi - Trial Subpoenas

Whitney,

Thanks for the call. Note that my emails about these various trial subpoenas are not word-for-word identical, including because they include information about dates when certain witnesses are

unavailable. I'm flagging this issue in case you want to discuss.

Thanks for agreeing to send checks for one day's witness-attendance and mileage fees for Bawale, Campbell, Gilbert, Hu, Khan, Nelles, Sammak, and Somwal. To be clear, we plan to have the witnesses cash the checks upon receipt. Rule 17 provides that to effectuate service "[t]he server … *must tender to the witness one day's witness-attendance fee and the legal mileage allowance*." (emphasis added). We understand this Rule to mean that the fee must be paid at the time of service. We do not see any suggestion in the Rule that the witness has a duty to hold the fees in escrow or that these upfront fees are contingent on whether the witness later provides testimony. If you are aware of some authority suggesting as much, I will be happy to consider it.

For mileage, noon tomorrow may not be enough time to get you addresses for each of these witnesses, especially because I am traveling and will be in a deposition all day. For ease of computation and to avoid any delay, we can agree for all these witnesses (other than Mr. Khan) to use their Qualcomm work address (5755 Morehouse Dr., San Diego, CA 92121) for purposes of the mileage calculation. As you know, Mr. Khan lives in Illinois, so will need to travel by common carrier. You can forego mileage fees for Mr. Khan and we will present receipts for his actual travel costs at a later time, if they become necessary.

I want to alert you that my firm also represents Masoud Sadeghian in connection with the trial subpoena Dr. Arabi served on him. My understanding is that Mr. Sadeghian did not receive fees either, but let me know if that is incorrect. If correct, please also send his fees. I understand that Mr. Sadeghian already returned a signed copy of the on-call agreement. To provide notice of Mr. Sadeghian's need to testify, do not contact him directly, but instead please email the Hueston Hennigan team and Qualcomm's in-house counsel team:
- Marshall Camp, at mcamp@hueston.com
- Michael Schneider, at mschneider@hueston.com
- Padraic Foran, at pforan@hueston.com
- Chris Longman, at clongman@qualcomm.com
- Byron Yafuso, at byafuso@qualcomm.com

Thanks!

**Padraic Foran**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4354
pforan@hueston.com
Biography

---

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Wednesday, March 5, 2025 3:28 PM
**To:** Padraic Foran <pforan@hueston.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>; Leah Thompson <lthompson@bklwlaw.com>; Marshall A. Camp <mcamp@hueston.com>; Michael P.

Schneider <mschneider@hueston.com>
**Subject:** Re: U.S. v. Arabi - Trial Subpoenas

Hi Padriac,

Thank you for our call just now and for your many emails, which appear to be verbatim but for the particular witness.  In the interests of efficiency, we are responding to all of your emails here.

Thank you for your agreement to place Bawale, Campbell, Gilbert, Hu, Khan, Nelles, Sammak, and Somwal on call.  We intend to provide all required fees once we reach the defense case if a witness is in fact needed, but if you are requiring attendance and mileage fees in advance in order to comply with the subpoenas, we will endeavor to do that.  To that end, we will send you a check to tender and advance one day's witness-attendance fees for Bawale, Campbell, Gilbert, Hu, Khan, Nelles, Sammak, and Somwal.  Of course, these checks should not be cashed unless and until the witness' attendance comes to pass.

If you are requiring mileage fees prior to a person's testimony being confirmed and travel occurring, we need you to provide us with the starting location for each witness so we can calculate the accurate fees.  If you'd like us to make 10555 Sorrento Valley Rd. 92121 the starting location for each of the eight witnesses, we can do that as well.

Let us know all of this information by noon tomorrow so that we may overnight checks to your office.

Safe travels home and look forward to seeing one of you on Monday.

Thank you,

Whitney



**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP
(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

**From:** Padraic Foran <pforan@hueston.com>
**Date:** Monday, March 3, 2025 at 9:55 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Rebecca Roberts <rroberts@bklwlaw.com>, Ryan V. Fraser

<rfraser@bklwlaw.com>, Leah Thompson <lthompson@bklwlaw.com>, Marshall A. Camp <mcamp@hueston.com>, Michael P. Schneider <mschneider@hueston.com>
**Subject:** U.S. v. Arabi - Trial Subpoena to Hiten Somwal

Whitney,

I write regarding the trial subpoena that Dr. Arabi served on Hiten Somwal.

*First*, it appears that Mr. Arabi did not tender the "one day's witness-attendance fee and the legal mileage allowance" required by Criminal Rule of Criminal Procedure 17(d). I appreciate that your cover letter agrees to provide required witness fees "should [Mr. Somwal's] appearance ultimately be required." But Rule 17(d) requires the one day's fees and mileage to be tendered at the time of service. You can tender the initial fees to us in the form of a check payable to Mr. Somwal. Please confirm that you will do so. If tendering by some other means would be easier, let me know.

*Second*, provided that Dr. Arabi completes service by tendering the required fees, I can confirm that Mr. Somwal will agree to be "on call" to testify in the trial scheduled to begin March 10. If Mr. Somwal testifies in the government's case-in-chief, we expect the defense to exhaust his testimony so that he is not required be appear multiple times.

You have requested that Mr. Somwal agree to be on call to testify on 48 hours' notice but have committed to me that you will provide as much notice as possible. I appreciate that.

To provide notice of Mr. Somwal's need to appear to testify, please email the Hueston Hennigan team and Qualcomm's in-house counsel:
- Marshall Camp, at mcamp@hueston.com
- Michael Schneider, at mschneider@hueston.com
- Padraic Foran, at pforan@hueston.com
- Chris Longman, at clongman@qualcomm.com
- Byron Yafuso, at byafuso@qualcomm.com

I would appreciate you copying all five of us to ensure that we receive the notice as quickly as possible.

Third, given Mr. Somwal's agreement to be on call (once fees are tendered), he does not plan to appear at the courthouse on March 10 and will instead await Dr. Arabi's notice.

*Finally*, I note that Mr. Somwal is one of numerous Qualcomm employees whom Dr. Arabi has served with a trial subpoena. These numerous subpoenas, including on Qualcomm personnel who had little connection with the subject matter of the criminal charges against Dr. Arabi, appears to be part of a campaign to harass further the victim of Dr. Arabi's crime. I am writing separately regarding the other subpoenas. Qualcomm expressly reserve all rights.

Thank you and let me know if you have any questions or would like to discuss.

**Padraic Foran**

**HUESTON HENNIGAN** LLP

D: 213.788.4354
T: 213.788.4340
pforan@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles  CA  90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.