**Court's Jury Instructions**

United States v. Karim Arabi
22-CR-1152-BAS

## COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. It is these instructions that I am about to read to you that will control your deliberations in this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes or preferences that people may consciously reject but may be expressed without conscious awareness, control or intention. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender or economic circumstances. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# COURT'S INSTRUCTION NO. 2

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless the government proves the defendant guilty beyond a reasonable doubt. In addition, a defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 3

The Defendant has not testified.  A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

# COURT'S INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# COURT'S INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits received in evidence; and

      (3) any facts to which the parties have agreed.



# COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. 9

The parties have agreed to certain facts that have been stated to you.   These facts are now conclusively established.

# COURT'S INSTRUCTION NO. 10

You heard testimony from Ali Akbar Shokouhi and Sanjiv Taneja, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial and who received benefits from the government in connection with this case. A guilty plea is not evidence against the defendant, and you may consider it only in determining these witnesses' believability.

For these reasons, in evaluating the testimony of these witnesses you should consider the extent to which each witness's testimony may have been influenced by these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

# COURT'S INSTRUCTION NO.⧵

You have heard testimony from Dennis Sylvester, Manoj Sachdev and Martin Sabarsky who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You have also heard testimony from John Shindledecker and John Roberts who testified about facts and ~~his~~ opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this

witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testified to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

# COURT'S INSTRUCTION NO. 12

You have heard evidence concerning a civil suit and counter-claims between Qualcomm, Karim Arabi, Sheida Alan and Sanjiv Taneja.  You may not consider the settlement agreement between these individuals, or the fact of the settlement, as any indication of the validity of the claims or defenses in that suit or the validity of the charges against Dr. Arabi in this matter.  In the settlement agreement, the parties expressly agreed that the settlement was not an admission by Dr. Arabi or Ms. Alan of the validity of Qualcomm's claims nor a concession by Qualcomm as to the merits of its allegations.  It is for you to decide the significance of the events, and you are not to infer from the fact of the settlement that Dr. Arabi admitted any of the facts alleged against him in this matter.  The facts in this matter are entirely for you to decide.

## COURT'S INSTRUCTION NO. 13

The defendant is charged in Count One of the Indictment with conspiracy to commit wire fraud. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 2014 and continuing up to at least June 2018, there was an agreement between two or more persons to commit wire fraud, as defined in the next instruction.

Second, the Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

# COURT'S INSTRUCTION NO. 14

The Defendant is charged in Count Two of the Indictment with wire fraud. Specifically, the Defendant is charged with causing a wire transmission of $91,854,370.93 from Bank of America to Canadian Imperial Bank of Commerce.

For a defendant to be found guilty of a wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud for the purpose of obtaining money by means of false or fraudulent pretenses, representations, promises or omissions with all of you agreeing on at least one particular false pretense, representation, promise or omission that was made. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication as alleged above to carry out or attempt to carry out an essential part of the scheme.

To convict Dr. Arabi of wire fraud based on omissions of material facts, you must find that he had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

## COURT'S INSTRUCTION NO. 15

In determining whether a scheme to defraud exists for wire fraud, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict a defendant of wire fraud, the Government must prove beyond a reasonable doubt that the false or fraudulent pretenses, representations, promises or omissions directly or indirectly deceived the victim about the nature of the bargain. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction. A misrepresentation does not go to the nature of the bargain if the victim is not deceived as to price or quality or essential aspects of the transaction, and the victim otherwise received what it bargained for at the price it agreed to pay. Whether a misrepresentation goes to the nature of the bargain may depend on the specific transaction at issue.

The government must prove beyond a reasonable doubt that obtaining money or property from Qualcomm was the object of the charged scheme. It is not sufficient if obtaining money or property was merely an incidental byproduct. For wire fraud, the Government must prove beyond a reasonable doubt both that there was a victim of a material misrepresentation about the nature of a bargain and that the

victim is the same one Dr. Arabi intended to defraud—the intent must be to obtain money or property from the one who is deceived.

There can be no property interest in an idea or concept that lacks novelty or is part of the public domain, but there can be a property interest in an idea that is novel or is not part of the public domain.

## COURT'S INSTRUCTION NO. 16

For purposes of the wire fraud statute only, an act is done knowingly, if the defendant is aware of the act and does not act through ignorance, mistake, or accident. For the purposes of wire fraud, the government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 17

A defendant may be found guilty of wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" intentionally means to help someone else to commit a crime. To prove a defendant guilty of wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of wire fraud;

Third, the defendant acted with the intent to facilitate wire fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing wire fraud, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## COURT'S INSTRUCTION NO. 18

The Defendant is charged in Count 6 with Conspiracy to Launder Monetary Instruments. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than August 21, 2015, and continuing up to and including at least April 1, 2021, there was an agreement to commit either concealment or transactional money laundering or both, with all of you agreeing unanimously on at least one type of money laundering;

Second, the defendant knew the objective of the agreement; and

Third, the defendant joined the agreement with the intent to further its unlawful purpose._

The money laundering conspiracy in the Indictment alleges two objects: concealment money laundering and transactional money laundering.

For Concealment Money Laundering the Government must prove beyond a reasonable doubt:

First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of wire fraud;

Second, the defendant knew the property represented the proceeds of some form of unlawful activity, that is activity that is a felony; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds.

The term "financial transaction" means the movement of funds by wire or other means that affect interstate or foreign commerce. Wire fraud is a felony.

For Transactional Money Laundering the Government must prove beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud; and

Fifth, the transaction occurred in the United States or the transaction occurred outside the United States but the defendant was a United State person.

The term "monetary transaction" means the deposit or transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means a commercial bank or a bank insured by the FDIC.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud.

Although for transactional money laundering the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

## COURT'S INSTRUCTION NO. 19

The Indictment alleges that some act or acts in furtherance of the crime charged occurred in the Southern District of California. There is no requirement that all aspects of the crime charged take place here in the Southern District of California. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that some act in furtherance of the crime charged took place in the Southern District of California.

The Southern District of California consists of two counties: San Diego and Imperial County.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

## COURT'S INSTRUCTION NO. 20

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## COURT'S INSTRUCTION NO. 21

You are here only to determine whether the defendant is guilty or not guilty of the charges on the verdict form. The defendant is not on trial for any conduct or offense not charged in the Indictment and on the verdict form.

You should not speculate as to what happened to any individual not currently before you in this trial.

You should not speculate as to what happened to any other numbered Counts in the Indictment not listed on the jury form.

# COURT'S INSTRUCTION NO. 22

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. Certain of these charts and summaries have been admitted in evidence and some were not admitted in evidence and will not go into the jury room with you. The charts and summaries that were not admitted into evidence are not themselves evidence or proof of any facts. Charts and summaries are only as good as the underlying supporting material.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## COURT'S INSTRUCTION NO. 23

When you begin your deliberations, elect one member of the jury as your presiding juror or foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. It is your duty as jurors to consult with each other and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinions if you become persuaded they are wrong.

# COURT'S INSTRUCTION NO. 24

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer or other means, via email, text messaging, or any Internet chat room, blog, website or any other form of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and you must report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.



# COURT'S INSTRUCTION NO. 25

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## COURT'S INSTRUCTION NO. 24

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 27

A verdict form has been prepared for you. As to Count 6, you are to consider two special findings if and only if you find the defendant guilty beyond a reasonable doubt of that count.  If you find the defendant not guilty of that count, do not complete the special findings.


After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

# COURT'S INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.