1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-1152-BAS |
| Plaintiff, | **PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |
| v. | |
| KARIM ARABI (1), | |
| Defendant. | |

On April 4, 2024, a federal grand jury sitting in the Southern District of California returned a Second Superseding Indictment in this case, in which the United States sought forfeiture of al right, title, and interest in all property of Defendant KARIM ARABI ("Defendant") and his co-defendants, including co-defendant SHEIDA ALAN, aka Sheida Arabi ("Sheida"), pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property, real and personal, which constitute and are derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1349, and 1341, as charged in the Second Superseding Indictment and as set forth in Counts 1 and 2 of the Second Superseding Indictment and pursuant to Title 18, United States Code, Section 982 (a)(1), and 982(a)(2)(B) as any property, real or personal, involved in the offense and any property traceable to such property in violation of Title 18, United States Code, Sections 1956(h)

as set forth in Count 6. The forfeiture allegation included the following specific properties:

    a. real property located at 1520 Vinson Creek Road, West Vancouver, British Columbia, Canada (008-505-152);

    b. real property located at Mosseveien 267, 1169 Oslo, Norway (cadastral number 0301/194/188);

    c. real property located at Dyna Brygge 5, 0252 Oslo, Norway (cadastral number 0301/210/58/0/11) including two associated parking spaces (cadastral number 0301/510/16/0/58 and 0301/510/16/0/59);

    d. $284,805.64 in funds from Bank of America account # ending in x6028 held in the name of Atlazo, Inc. (Karim Arabi);

    e. $18,037.63 in funds from Bank of America account # ending in x7398 held in the name of Karim Arabi [and Shadi Babataheri];

    f. $118,707.89 in funds from account # ending in 1860 held in the name of Karim Arabi at San Diego County Credit Union, San Diego, California; and

    g. All money received by Atlazo Inc. ("Atlazo") from Nordic Semiconductor ASA ("Nordic") for the purchase of Atlazo's shares, intellectual property, or other assets, which were designated for payment to Defendant Karim Arabi, Abacus Machines LLC ("Abacus"), or to any party if payment is based upon any promissory notes made payable to, or Atlazo shares held by, Defendant Karim Arabi or Abacus.

On April 8, 2025, after a jury trial, Defendant was found guilty of Counts 1, 2 and 6 of the Second Superseding Indictment.

On September 10, 2025, the United States filed a Motion for a Preliminary Order of Forfeiture as to all properties listed herein, submitting therewith the declaration of United States Marshals Service Senior Inspector John Shindledecker ("Shindledecker

Declaration" or "Shindledecker Decl.") in support thereof. The United States also sought a forfeiture money judgment against Defendant, in the amount of $44,580,192.74, which represented proceeds received by Defendant and Sheida as a result of the offenses of conviction, minus the amount that they repaid to the victim of their fraud in their civil settlement.

Based on the Shindledecker Declaration, its attached exhibits, and the extensive evidence adduced at trial, the Court finds as follows:

All of the properties listed in this order constitute direct or indirect proceeds of Defendant's offenses of conviction as reflected in Counts 1 and 2 in this case. The Court therefore finds the requisite nexus between these properties and those offenses of conviction for purposes of forfeiture for purposes of forfeiture on this basis.

All of the properties listed in this order also constitute property involved in the offense of conspiracy to commit money laundering, as charged in Count 6 in the Second Superseding Indictment. The Court therefore finds the requisite nexus between these properties and that offense of conviction for purposes of forfeiture on this basis.

All of the properties listed in this order, at a minimum, are traceable to property that is forfeitable based upon a sufficient nexus to the offenses of conviction. The Court therefore finds the requisite nexus between these properties and the offenses of conviction for purposes of forfeiture on this basis.

The amount of $44,580,192.74 represents proceeds received personally and directly by Defendant and indirectly through his accomplice and co-defendant Sheida as a result of the offenses of conviction, minus the amount that Defendant and Sheida previously repaid to Qualcomm as part of their civil settlement. To the extent that a portion of this amount was not received directly by Defendant, the Court finds that it was obtained indirectly by Defendant, who arranged for it to be paid to Sheida. The Court therefore finds the requisite nexus

between this amount of money and the offenses of conviction for purposes of a forfeiture money judgment.

This forfeiture shall be included and incorporated as part of the Court's judgment in this case.

Therefore, the United States is now entitled to possession of the specific properties listed below in paragraph 1, which have been found forfeitable by the Court pursuant to Title 18, United States Code, 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982 (a)(1) and 982(a)(2)(B).

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty verdicts returned against Defendant as to Counts 1, 2 and 6 of the Second Superseding Indictment, Defendant KARIM ARABI shall forfeit to the United States:

   a. real property located at 1520 Vinson Creek Road, West Vancouver, British Columbia, Canada (008-505-152);

   b. real property located at Mosseveien 267, 1169 Oslo, Norway (cadastral number 0301/194/188);

   c. real property located at Dyna Brygge 5, 0252 Oslo, Norway (cadastral number 0301/210/58/0/11) including two associated parking spaces (cadastral number 0301/510/16/0/58 and 0301/510/16/0/59);

   d. $284,805.64 in funds from Bank of America account # ending in x6028 held in the name of Atlazo, Inc. (Karim Arabi);

   e. $18,037.63 in funds from Bank of America account # ending in x7398 held in the name of Karim Arabi and Shadi Babataheri;

      f. $118,707.89 in funds from account # ending in 1860 held in the name of Karim Arabi at San Diego County Credit Union, San Diego, California; and

      g. All money received by Atlazo Inc. ("Atlazo") from Nordic Semiconductor ASA ("Nordic") for the purchase of Atlazo's shares, intellectual property, or other assets, which were designated for payment to Defendant Karim Arabi, Abacus Machines LLC ("Abacus"), or to any party if payment is based upon any promissory notes made payable to, or Atlazo shares held by, Defendant Karim Arabi or Abacus. This property specifically includes:

          i. A cashier's check in the amount of $293,531.76 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of preferred shares held by Abacus;

          ii. A cashier's check in the amount of $50,000.00 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of promissory notes held by Abacus;

          iii. A cashier's check in the amount of $21,386.70 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of common stock held by Dr. Arabi;

          iv. A cashier's check in the amount of $154,000.00 remitted to the United States Marshals Service by Atlazo, Inc.; and

          v. A cashier's check in the amount of $31,000.00 remitted to the United States Marshals Service by Atlazo, Inc.

    2. The United States shall also be awarded a personal forfeiture money judgment in the amount of $44,580,192.74 against Defendant KARIM ARABI pursuant to Title 18, United States Code, 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982 (a)(1) and 982(a)(2)(B). This judgment represents the amount of proceeds received personally

and directly by Defendant and indirectly through his accomplice and co-defendant Sheida as a result of the offenses of conviction. The forfeiture money judgment is in favor of the United States against Defendant KARIM ARABI, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing. The judgment shall be credited with the net proceeds the United States receives from the liquidation of the specifically forfeited properties described in paragraph 1 above.

3. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

4. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $44,580,192.74 to satisfy the forfeiture money judgment in whole or in part.

5. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

6. The United States is hereby authorized to take custody and control of the specific properties listed in paragraph 1 above, and all right, title, and interest of Defendant KARIM ARABI in those properties is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

7. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation and/or the United States Marshals Service in its secure custody and control.

8. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

9. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as

the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

10. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

11. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

12. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

13. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) as to the aforementioned assets, in which all interests will be addressed.

14. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: September 15, 2025

Honorable Cynthia Bashant, Chief Judge
United States District Court