UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-1152-BAS |
| Plaintiff, | FIRST AMENDED ORDER OF CRIMINAL FORFEITURE |
| v. | |
| KARIM ARABI (1), | |
| Defendant. | |

Upon consideration of the United States' Motion for a First Amended Order of Criminal Forfeiture, and for good cause appearing, the United States' Motion for a First Amended Order of Criminal Forfeiture is granted.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     That this First Amended Order of Criminal Forfeiture is entered to correct a clerical error made on Preliminary Order of Criminal Forfeiture (ECF No. 448). Property (g) shall be corrected as follows:

g.  All money received by Atlazo Inc. ("Atlazo") from Nordic Semiconductor ASA ("Nordic") for the purchase of Atlazo's shares, intellectual property, or other assets, which were designated for payment to Defendant Karim Arabi, Abacus Machines LLC ("Abacus"), or to any party if payment is based upon any promissory notes made payable to, or Atlazo shares held by, Defendant Karim Arabi or Abacus. This property specifically includes:

i.   A cashier's check in the amount of $293,531.76 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of preferred shares held by Abacus;

ii.   A cashier's check in the amount of $50,000.00 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of promissory notes held by Abacus;

iii.   A cashier's check in the amount of $21,386.70 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of common stock held by Dr. Arabi;

iv.   A cashier's check in the amount of $154,000.00 remitted to the United States Marshals Service by Atlazo, Inc.;

v.   A cashier's check in the amount of $31,000.00 remitted to the United States Marshals Service by Atlazo, Inc.;

vi.   A cashier's check in the amount of $87,293.40 remitted to the United States Marshals Service by Atlazo, Inc.; and

2.   Accordingly, IT IS HEREBY ORDERED that this First Amended Order of Criminal Forfeiture is entered, and based on the guilty verdicts returned against Defendant, KARIM ARABI ("Defendant"), as to Counts 1, 2, and 6 of the Second Superseding Indictment and the Preliminary Order of Criminal Forfeiture entered September 15, 2025 (ECF 448), all right, title, and interests of Defendant in the following corrected property is hereby forfeited to the United States pursuant to Title 18, United States Code, 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982 (a)(1) and 982(a)(2)(B) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

g.   All money received by Atlazo Inc. ("Atlazo") from Nordic Semiconductor ASA ("Nordic") for the purchase of Atlazo's shares, intellectual property, or other assets, which were designated for payment to Defendant Karim Arabi, Abacus Machines LLC

("Abacus"), or to any party if payment is based upon any promissory notes made payable to, or Atlazo shares held by, Defendant Karim Arabi or Abacus. This property specifically includes:

   i.   A cashier's check in the amount of $293,531.76 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of preferred shares held by Abacus;

   ii.   A cashier's check in the amount of $50,000.00 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of promissory notes held by Abacus;

   iii.   A cashier's check in the amount of $21,386.70 remitted to the United States Marshals Service by Atlazo, Inc., which represents proceeds of common stock held by Dr. Arabi;

   iv.   A cashier's check in the amount of $154,000.00 remitted to the United States Marshals Service by Atlazo, Inc.;

   v.   A cashier's check in the amount of $31,000.00 remitted to the United States Marshals Service by Atlazo, Inc.; and

   vi.   A cashier's check in the amount of $87,293.40 remitted to the United States Marshals Service by Atlazo, Inc.

3.    The properties are to be held by the United States Marshals Service and Federal Bureau of Investigation in its secure custody and control.

4.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties as to the specific properties only. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

3

5.    Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

7.    The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8.    Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

9.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: October 10, 2025

Honorable Cynthia Bashant, Chief Judge
United States District Court

4

22-CR-1152-BAS