# Exhibit A

## PROMISSORY NOTE

$200,000.00                                                                                                         July 26, 2018
                                                                                                                   San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

      1.      Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

      2.      Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

      3.      Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

      4.      Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5. <u>Waiver of Presentment</u>. Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6. <u>Governing Law</u>. The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7. <u>Subordination</u>. The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below). "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8. <u>Amendments and Waivers</u>. Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$200,000.00                                                                                   August 30, 2018
                                                                                                                    San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

      1.     Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

      2.     Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

      3.     Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

      4.     Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5. <u>Waiver of Presentment</u>. Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6. <u>Governing Law</u>. The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7. <u>Subordination</u>. The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below). "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8. <u>Amendments and Waivers</u>. Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$50,000.00                                                                                                                                  October 10, 2018
                                                                                                                                                San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $50,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually.  Interest shall be computed on the basis of a 360 day year and a 30 day month.  Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

       1.       Issuance.  This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

       2.       Payments.  All payments of interest and principal shall be in lawful money of the United States of America.  All payments shall be applied first to accrued interest, and thereafter to principal.  The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control.  "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

       3.       Events of Default.  If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

       4.       Prepayment.  The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5. <u>Waiver of Presentment</u>. Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6. <u>Governing Law</u>. The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7. <u>Subordination</u>. The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below). "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8. <u>Amendments and Waivers</u>. Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$200,000.00                                                                                                      November 08, 2018
                                                                                                                  San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

      1.      Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

      2.      Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

      3.      Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

      4.      Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5.   <u>Waiver of Presentment</u>.  Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6.   <u>Governing Law</u>.  The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7.   <u>Subordination</u>.  The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below).  "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8.   <u>Amendments and Waivers</u>.  Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$190,000.00                                                                                                                    December 26, 2018
                                                                                                                                        San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

1.  Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

2.  Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

3.  Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

4.  Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5. <u>Waiver of Presentment</u>. Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6. <u>Governing Law</u>. The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7. <u>Subordination</u>. The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below). "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8. <u>Amendments and Waivers</u>. Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$200,000.00                                                                                                              January 29, 2019
                                                                                                                         San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

      1.      Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

      2.      Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

      3.      Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

      4.      Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

TL-VOLPROD-000065

5.  <u>Waiver of Presentment</u>.  Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6.  <u>Governing Law</u>.  The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7.  <u>Subordination</u>.  The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below).  "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8.  <u>Amendments and Waivers</u>.  Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$200,000.00                                                                                               March 06, 2019
                                                                                                          San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually. Interest shall be computed on the basis of a 360 day year and a 30 day month. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

      1.      Issuance. This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

      2.      Payments. All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control. "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

      3.      Events of Default. If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

      4.      Prepayment. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5.  <u>Waiver of Presentment</u>.  Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6.  <u>Governing Law</u>.  The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7.  <u>Subordination</u>.  The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below).  "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8.  <u>Amendments and Waivers</u>.  Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2

PROMISSORY NOTE

$300,000.00                                                                                                           April 04, 2019
                                                                                                                      San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company"), promises to pay to KARIM ARABI (the "Holder") the principal sum of $200,000.00, with interest on the outstanding principal amount at the rate of 4.00% per annum, compounding annually.  Interest shall be computed on the basis of a 360 day year and a 30 day month.  Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full.

       1.     Issuance.  This promissory note (the "Note") is issued in consideration of a loan by the Holder to the Company in the amount of this Note on the date of this Note.

       2.     Payments.  All payments of interest and principal shall be in lawful money of the United States of America.  All payments shall be applied first to accrued interest, and thereafter to principal.  The entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earliest to occur of (i) 5 years from the date hereof (the "Maturity Date") and (ii) the closing of a Change of Control.  "Change of Control" means (A) the acquisition of the Company by another entity by means of any transaction (including, without limitation, any stock acquisition, reorganization, merger or consolidation), or (B) a sale of all or substantially all of the assets of the Company except in the case of either clause (A) or (B), any such transaction in which the equity holders (or affiliates thereof) of the Company outstanding immediately prior to such transaction hold, immediately following such transaction, at least a majority of the resulting, surviving or purchasing (as applicable) entity's or person's voting power; provided, however, that an equity financing with the primary purpose of raising capital or a reincorporation transaction for purposes of changing the Company's state of incorporation or entity type shall not be deemed a Change of Control.

       3.     Events of Default.  If any of the events specified in this Section 3 shall occur, the Holder may, so long as such condition exists, declare the entire principal and unpaid accrued interest under this Note immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of this Note when due and payable if such default is not cured by the Company within 15 days after the Holder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $1,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess of $1,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

       4.     Prepayment.  The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date.

5.   <u>Waiver of Presentment</u>.  Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6.   <u>Governing Law</u>.  The terms of this Note shall be construed in accordance with the laws of the State of Delaware, as applied to contracts entered into by Delaware residents within the State of Delaware, and to be performed entirely within the State of Delaware.

7.   <u>Subordination</u>.  The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below).  "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8.   <u>Amendments and Waivers</u>.  Any term of this Note may be amended or waived with the written consent of Company and the Holder.

COMPANY:

ATLAZO, INC.

_____
Karim Arabi
President & CEO

2