1  ADAM GORDON
   United States Attorney
2  NICHOLAS W. PILCHAK
   California Bar No. 331711
3  JANAKI G. CHOPRA
   California Bar No. 272246
4  ERIC R. OLAH
   California Bar No. 295513
5  Assistant U.S. Attorneys
   880 Front Street, Room 6293
6  San Diego, CA 92101
   Tel: (619) 546-9709
7  Email: nicholas.pilchak@usdoj.gov

8
   Attorneys for the United States
9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12 | UNITED STATES OF AMERICA,    | Case No.:  22-cr-1152-BAS

13 |            Plaintiff,         | Date:   October 28, 2025
                                   | Time:   1:00 p.m.
14

15 |            v.                 | Honorable Cynthia Bashant

16 | KARIM ARABI (1),              | **THE UNITED STATES' MOTION TO
                                   | STRIKE JUROR LETTER
17 |            Defendant.         | PURSUANT TO RULE 606(b)(1) OF
                                   | THE FEDERAL RULES OF
18                                 | EVIDENCE**

19

20        The United States hereby moves to strike the letter from Juror # 9 submitted by

21 Defendant Karim Arabi in support of sentencing, pursuant to Rule 606(b)(1) of the

22 Federal Rules of Evidence.

23        In his sentencing package, Dr. Arabi submitted 19 letters in support.[1]  ECF 474.

24 Three were purportedly from trial jurors, construing the same trial evidence the Court

25 saw for itself and asking for leniency on his behalf.  ECF 474-1 at 1-10, 1-11, and 1-12–

26 13.  But one of the three letters contained significant additional color, including a series

27

28 _____
   [1]     The United States did not oppose Dr. Arabi's request to file extra sentencing
   letters, ECF 474, but was not told that three of the letters were from jurors.

of vague statements about the jury deliberation process and the juror's own mental processes, some of which are plainly inconsistent with the jury instructions and the trial record. *See* ECF 474-1 at 1-12–13. These statements are not only irrelevant to sentencing, but also clearly violative of Rule 606. That letter, from Juror # 9, should be stricken.[2]

Rule 606(b) states: "During an inquiry into the validity of a verdict . . . a juror may not testify about any statement made or incident that occurred during the jury's deliberations." The Rule further provides that "[t]he Court may not receive a juror's affidavit or evidence of a juror's statement on these matters." Fed. R. Evid. 606(b)(1). This rule originated from "the near-universal and firmly established common-law rule in the United States" that "flatly prohibited the admission of juror testimony to impeach a jury verdict." *Tanner v. United States*, 483 U.S. 107, 117 (1987). The rule serves "several public interests," including discouraging "harassment of jurors by defendants after a guilty verdict," encouraging "free and open discussion in the jury room," and respecting "the institution of the jury as a fact-finding body." *United States v. Bagnariol*, 665 F.2d 877, 884 n.4 (9th Cir. 1981). Given these strong public policy interests, information about the jury's deliberative process cannot be "considered by the trial or appellate courts." *Id.* at 884; *see also United States v. Montes*, 628 F.3d 1183, 1188 (9th Cir. 2011) ("Jurors therefore may not be questioned about their deliberative process . . . Neither the trial court nor the court of appeals may consider such testimony.").

Attempts to undermine a verdict after it is rendered are particularly disfavored. "Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the

---

[2] Although Dr. Arabi publicly filed letters bearing all three jurors' names, the United States refers to this juror by number, consistent with the Court's practice, to avoid undue juror embarrassment or harassment.

*United States' Motion to Strike*
*Juror Letter Under Fed. R. Evid. 606(b)(1)*                                    *22-CR-1152-BAS*

process." *Tanner*, 483 U.S. at 120. "Opportunities for harassment of jurors and jury tampering would abound" if jurors' post-verdict reservations were allowed to upset trial convictions by jury. *United States v. Weiner*, 578 F.2d 757, 764 (9th Cir. 1978). "After a jury has given its verdict, has been polled in open court and has been discharged, an individual juror's change of mind or claim that he was mistaken or unwilling in his assent to the verdict comes too late." *United States v. Williams*, 990 F.2d 507, 513 (9th Cir. 1993).[3]

The putative letter from Juror # 9 runs afoul of all of these prohibitions. It is also inconsistent with the trial record in many of its particulars. For example, Juror # 9 supposedly claims that she learned "[a]fter the fact" that she "did not have to agree with [her] fellow jurors on a verdict [she] did not believe to be true." She adds that she "believe[d she] had to agree to come to a conclusion even if [she] didn't fully agree." But she was squarely admonished, not once but twice—including in her own individual colloquy with the Court—to "not come to a decision simply because the other jurors think it's right." TT 3746:23–24, 3767:5–6. Similarly, the letter complains about the juror's fellow panel members and claims she "felt very pressured." But when the Court asked her, "Are you able to get along with each other?" Juror # 9 responded "Yeah. I get along with everyone." TT 3768:10–13.

In Dr. Arabi's case, he does not explicitly offer Juror # 9's letter as part of an attack on the verdict, but that is the only conceivable purpose of the bulk of the letter. To the extent that Dr. Arabi is not submitting the letter to attack the verdict, it is irrelevant. Apart from information that the juror has somehow learned after trial, presumably from the defense—such as that "the [defendant's] family has been struggling, coping with [his] absence," ECF 474-1 at 1-13—the juror's plea for leniency

---

[3]     In *United States v. Hunter*, for example, the Ninth Circuit ruled that the defendant "cannot rely on [a] letter to challenge her conviction" written by a juror claiming "he had initially been a hold-out but felt compelled to vote 'guilty' after hearing the district court's questions and instructions." 691 F.App'x 313, 315 n.2 (9th Cir. 2017).

is based only on the same trial evidence the Court has seen for itself.  The juror's own conclusions from that evidence are therefore irrelevant, since as Dr. Arabi concedes, "jurors are of course to have no role in determining a defendant's sentence."  ECF 473 at 21.  Even if the juror's view of the proper sentence was somehow relevant information for sentencing, the three paragraphs of the letter describing jury deliberations have no bearing on sentencing whatsoever.

Accordingly, Juror # 9's letter should be stricken.  At a minimum, the Court should strike the first, second and third paragraphs of that letter, through and including the sentence, "I hope that with this letter and my honesty, I can help in some way."

DATED: October 22, 2025

ADAM GORDON
United States Attorney

*/s/ Nicholas W. Pilchak*
NICHOLAS W. PILCHAK
JANAKI G. CHOPRA
ERIC R. OLAH
Assistant U.S. Attorneys