Whitney Z. Bernstein, SBN 304917
wbernstein@bklwlaw.com
Rebecca S. Roberts, SBN 225757
rroberts@bklwlaw.com
Ryan V. Fraser, SBN 272196
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

*Attorneys for Dr. Karim Arabi*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

KARIM ARABI,

Defendant.

Case No. 3:22-cr-01152-BAS-1
Honorable Cynthia A. Bashant

**DR. KARIM ARABI'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE A SENTENCING LETTER (DKT. 475)**

The government's motion "to strike juror letter pursuant to Rule 606(b)(1) of the Federal Rules of Evidence" is misplaced and should be denied. Rule 606(b) does not apply. It is textually limited to inquiries into the validity of a verdict or indictment; a sentencing proceeding is not such an inquiry. The government's additional authorities and citations address efforts to undermine a verdict post-trial by probing what occurred in the jury room. This is not such an effort. The letter is not offered to impeach the verdict or to seek any post-verdict relief; it is part of the Dr. Arabi's sentencing presentation.

The letter the government takes issue with, submitted as one of many support letters, which addresses a juror's view of Dr. Arabi's character and the appropriate sentence, is relevant to the factors the Court is to consider under 18 U.S.C. § 3553(a) and should be received. As undersigned counsel explained in the sentencing memorandum (*see* Dkt. 473 at 24–25), while the jury obviously does not decide Dr. Arabi's sentence, the request for leniency from jurors who received the worst facts for weeks on end is meaningful and should be considered in the Court's sentencing analysis. Of course, the Court has broad discretion to consider information relevant to a defendant's history and characteristics and the purposes of sentencing, and courts routinely receive letters from individuals who encountered a defendant during the course of a case—supervisors, community members, family, victims, and observers—and weigh them as appropriate. This juror's observations of Dr. Arabi's demeanor in court throughout five weeks of trial, her impressions of his character and the impact of imprisonment, and her plea for leniency fit comfortably within this framework.

Neither Rule 606(b) nor any of the government's authorities prevent a sentencing court from receiving information from a juror, freely and voluntarily offered, when no attack on the verdict is at issue. The Court is more than capable of considering a constituent piece of mitigation and assigning it whatever weight the Court deems appropriate. If the Court has concern about the letter's brief references to internal deliberations, the Court can simply decline to consider those passages. It would be inappropriate and without support to strike this letter, and the government's motion at Dkt. 475 should be denied.

Respectfully submitted,

Dated: October 22, 2025

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Rebecca S. Roberts
Ryan V. Fraser
*Attorneys for Dr. Karim Arabi*