# Exhibit C

THESE SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED, OR OTHERWISE TRANSFERRED EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY THAT REGISTRATION IS NOT REQUIRED UNDER SUCH ACT OR UNLESS SOLD PURSUANT TO RULE 144 UNDER SUCH ACT OR RECEIPT OF A NO-ACTION LETTER FROM THE SECURITIES AND EXCHANGE COMMISSION.

CONVERTIBLE PROMISSORY NOTE

$1,000,000.00                                                                                                   August 25, 2016
                                                                                                                San Diego, CA

For value received ATLAZO, INC., a Delaware corporation (the "Company") promises to pay to Karim Arabi or its assigns (the "Holder") the principal sum of $1,000,000.00 with interest on the outstanding principal amount which shall accrue at the rate of 5% simple interest per annum. Interest shall be computed on the basis of a 365 day year. Interest shall commence with the date hereof and shall continue on the outstanding principal until paid in full or otherwise converted in accordance with the terms and conditions of the Agreement (as defined in Section 1 below). Capitalized terms used herein, which are undefined, shall have the meanings attributed thereto in the Agreement.

     1.     Notes. This convertible promissory note (the "Note") is issued as part of a series of similar notes (collectively, the "Notes") to be issued pursuant to the terms of that certain Convertible Note Purchase Agreement (the "Agreement"), dated as of August 25, 2016, by and among the Company and the Purchasers (as defined therein). The conversion privileges of this Note, and the obligations with respect thereto, are set forth in the Agreement.

     2.     Payments. All payments of interest and principal shall be in lawful money of the United States of America and shall be made pro rata among all Noteholders. All payments shall be applied first to accrued interest, and thereafter to principal. Unless this Note is converted in accordance with the terms set forth in the Agreement, the entire outstanding balance (including all accrued but unpaid interest) hereon shall become fully due and payable on the earlier to occur of: (i) the Maturity Date, and (ii) when declared due and payable by the Majority Holders pursuant to the terms hereof following the occurrence of an Event of Default (as defined in Section 3 below).

     3.     Events of Default. If any of the events specified in this Section 3 shall occur (herein individually referred to as an "Event of Default"), the Majority Holders may, so long as such condition exists, declare the entire principal and unpaid accrued interest under all Notes held by such Holder immediately due and payable by notice in writing to the Company: (i) default in the payment of the principal and unpaid accrued interest of any Note when due and payable if such default is not cured by the Company within 15 days after any Noteholder has given the Company written notice of such default; (ii) the entrance by any court of competent jurisdiction of any judgment against the Company in an amount in excess of $3,000,000; (iii) a third party accelerates the maturity of any indebtedness of the Company in an amount in excess

of $3,000,000; (iv) the filing of a petition by or against the Company under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors, or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of the Company; or (v) the Company shall have become insolvent or bankrupt or a receiver or trustee shall have been appointed with respect to the Company.

4. <u>Prepayment</u>. The Company may prepay this Note, in full or in part, at any time prior to the Maturity Date, only with the written consent of the Majority Holders.

5. <u>Waiver of Presentment</u>. Company hereby waives demand, notice, presentment, protest and notice of dishonor.

6. <u>Governing Law</u>. The terms of this Note shall be construed in accordance with the laws of the State of California, as applied to contracts entered into by California residents within the State of California, and to be performed entirely within the State of California.

7. <u>Subordination</u>. The indebtedness evidenced by this Note is subordinated in right of payment to the prior payment in full of any Senior Indebtedness (as defined below). "<u>Senior Indebtedness</u>" shall mean, unless expressly subordinated to or made on a parity with the amounts due under this Note, all amounts due in connection with (a) indebtedness of Company to banks or other lending institutions regularly engaged in the business of lending money, and (b) any such indebtedness or any debentures, notes or other evidence of indebtedness issued in exchange for such Senior Indebtedness, or any indebtedness arising from the satisfaction of such Senior Indebtedness by a guarantor.

8. <u>Amendments and Waivers</u>. Any term of this Note may be amended or waived with the written consent of Company and the Majority Holders, as provided in the Agreement.

COMPANY:

ATLAZO, INC.

*Karim Arabi*
B2DD95E6CF12413

Karim Arabi
Chief Executive Officer